Tilghman, C. J.,
delivered the opinion of the Court.
Joseph Gorgas, surviving partner of John Warner, issued • a scire facias in the District Court for the, city and county of Philadelphia, against Francis Douglas, owner, or reputed owner, of three houses described in the writ, and the terre tenants or possessors of the said houses. The proceeding is founded on an act passed the 17th March, 1806, entitled “ An act securing to mechanics and others, payment for their labour and materials, in erecting any house or other building within the city and county of Philadelphia.'’'1 Warner Gorgas were lumber merchants, and, in pursuance of the said act of assembly, filed their claim in the office of the protbonatory of the District Court, for the sum of 1427 dollars 28 cents, for lumber and materials furnished in and about the erecting and constructing of the said houses, against Francis Douglass, owner, or reputed owner, of the same. The fact is, that Douglass was the owner.of only one of the houses, and acted as agent for the owners of th.e other two. And the question is, whether the lumber merchants could, by virtue of the act of assembly, file this claim affecting the three houses jointly, and making each liable for the whole debt. The act provides: (Here the Chief Justice read the act.) However well intended this act may have been, and however good the effects which it sometimes produces, yet it is certain, that in practice it often creates great difficulties, and operates to the prejudice of the persons whom it was intended to protect, by throwing obstacles in the way of purchasers, by which the value of houses is diminished. It ought, therefore, to receive such a construction as may produce a system attended with as few embarrassments as possible. Not that the Court should undertake to alter the law where its meaning is plain; but where the expressions are doubtful, convenience should be consulted. When it is said, that “ all and every dwelling house, or other building, shall be subject to the pavuvu of the debts contracted for, or by reason of, any work done, or *521 materials found,” &c., it would seem that each house was to he subject to the payment of its own debts. We are not to decide, on this occasion, what would be the law, if one man should put up several houses, all Ins own property, at one time. The case is of three houses, owned by three persons. The expressions which I have quoted, certainly do not authorise a joint lien against several houses, nor do I think that there is any weight in the words of the proviso, which declares, that no such debt shall remain a lien on the said houses or other buildings, longer than two years from the commencement thereof, unless an action be instituted, or the claim filed within six months, See. The words said houses or other buildings, are general expressions referring to houses and buildings, as the objects before mentioned, on which mechanics, &c. might have alien. To make several houses subject to a joint lien, would be a most intolerable grievance to the owners, because the cost of each might be very different. And with regard to the purchaser, the operation of a joint lien would be very injurious, because it would not be known what proportion each house was to bear. About the time of the making of this act of assembly, it was very much the custom for mechanics to build houses for the purpose of sale, and it cannot be supposed that the Legislature intended to give to the persons who furnished materials, a kind of lien which would obstruct the sale. It is said to be extremely difficult for a lumber merchant, who furnished materials for several houses, built under the superintendance of one agent, to keep a separate account against each house, but there would be little difficulty, if he made proper enquiry, before the lumber was furnished. And even if there were difficulty, why should he expect to be exempt from trouble, at the expense of his neighbour. There is something so unjust, in making one man pay for another’s house, that nothing less'than very clear expressions will warrant it. •' But the expressions in this act of assembly are so far from being clear in favour of a joint lien, that they must be twisted, and tortured, to make them bear the appearance of it. I conclude therefore, that no such lien can exist, in the case of several houses, owned by several persons ; but I give no opinion on the case of several houses owned by one person. The plaintiff however, endeavoured to mend his case, on the trial, by proving, what lumber had been furnished for each house. But this was contrary to his *522 demand, set forth in the scire facias, and contrary to his claim filed of record. He cannot be permitted thus to vary his pretensions. The question is, whether the act of assembly tfijs joint claim against the three houses. If it (];,■[ n0(;5 the filing the claim in the office of the prothonotary was a void act, and the scire facias has nothing to rest upon. I am of opinion, that the joint claim was unauthorised, and consequently there never was a lien.
There was another point decided in the District Court, viz. that even if there had been a good lien, yet it was destroyed by the sheriff’s sale by virtue of a judgment subsequent to the lien, under which sale the defendant claimed. But on that point, this Court gives no opinion. The plaintiff never had a lien, and therefore the judgment of the District Court, for the defendant, must be affirmed.
Judgment affirmed.