KALBACH, for the use of REBER, *against* FISHER.

IN ERROR.

No writ of error lies to the opening of a judgment by the court below. It is a matter depending on the sound discretion of that court, who are not prevented by lapse of time, from affording relief.

FROM the record of this case, returned on a writ of error to the Court of Common Pleas of *Berks* county, it appeared, that on the 12th of *April,* 1820, a judgment was entered in that court on a warrant of attorney in favour of *John Kalbach,* for the use of *Conrad Reber,* against *Michael Fisher,* for one thousand two hundred and eighteen dollars and thirty-two cents. A *Scire Facias* to revive the judgment, and *Quare executio non* having issued, judgment was entered thereon, by consent, on the 2d of *November,* 1825. On the 13th of *August,* 1827, a rule was granted to show cause why the original judgment, and the judgment on the *Scire Facias* should not be opened, and the defendant let into a defence; and on the 20th of *December,* 1827, the rule was made absolute, the judgment to remain as a security, and the proceedings in the mean time to be staid. The cause was tried on the 11th of *August,* 1828, when a verdict was rendered for the defendant. A motion for a new trial was made and overruled, and judgment entered on the verdict for the defendant.

It was alleged in this court, that there was error in opening the original judgment after seven years had elapsed from its entry, after a *Scire Facias* had issued upon it, and judgment rendered on the *Scire Facias.*

*Buchanan* and *Baird,* for the plaintiff in error, insisted, that the discretion of the Court of Common Pleas, in relation to opening judgments, was not without limits; and that by analogy to the limitation of writs of error, a judgment could not be opened after the lapse of seven years.

*Darling,* for the defendant in error, answered, that it was a matter of mere discretion, on which a writ of error does not lie, and cited *Kellogg* v. *Krauser,* 14 *Serg. & Rawle,* 143.

ROGERS, J. (after stating the case,) delivered the opinion of the court as follows:—

There are many cases in which writs of error do not lie, from the decisions of Courts of Common Pleas, such as granting or refusing a new trial, opening or refusing to open a judgment, and motions of various kinds, in which parol evidence is heard, without placing it on the record. *Ordroneaux* v. *Prady,* 6 *Serg. & Rawle,* 512. The power of the Court of Common Pleas, in relation to opening judgments, is most ample, and policy requires that it should be liberally used, otherwise great and manifest injustice would be

(Kalbach, for the use of Reber, *v.* Fisher.)

the consequence, from the great variety of shapes which fraud may assume in the complicated transactions of men. It depends upon the sound discretion of the court, which must be regulated more by the particular circumstances of every case, than by any *precise* and *known* rule of law. From the constitution of this court, it is impossible that we can be made fully acquainted with all the circumstances, and there would be more danger of injury from revising matters of this kind, than would result now and then from an improper or arbitrary exercise of this discretion. It is not denied, that if the court had refused to open the judgment, the defendant would have been without remedy; and yet there is less danger in opening than in refusing to open a judgment. In the one case, the party is concluded, and in the other, he has an opportunity of a fair and impartial trial before a jury, who will give him the benefit, under the direction of the court, of an argument to be derived from lapse of time, and a consequent loss of vouchers, or other testimony. The practice of opening judgments, without stint or limit, except the sound discretion of the court, has obtained since the first settlement of the province, and I am yet to learn, it has been altered with any injustice to suitors. On the contrary, we all know, it has frequently been the means of unravelling the most secret and unjust schemes of oppression and fraud, which could not have been reached without a free and liberal exercise of this extraordinary power of the court. This complaint comes with a bad grace from the defendant. He has had an opportunity of trying his cause before a jury, and alleges no errors in the trial, but contents himself with simply contending, that by lapse of time, the defendant is prevented from investigating the merits of his case, or in other words, that an unjust demand is sanctioned by time alone. Two judgments were rendered, and the effect this ought to have, would be to make the Common Pleas more cautious in listening to the complaint of the defendant. It is by no means uncommon for endorsers to take an absolute judgment from the drawer of a note as an indemnity. The evidences of the real nature of the transaction sometimes rest in the memory of the witnesses, and sometimes are reduced to writing. As long as the endorsements continue, which is sometimes for years, it is necessary to revive the judgment by *Scire Facias,* which of course would be done by consent. In such a case, could it be possible, that the Court of Common Pleas could not give relief against an unjust attempt to enforce payment of the money by execution, without regard to the time the judgment was rendered, or to the number of renewals by *Scire Facias?* I state this instance, in order to show the danger of attempting to limit the time of affording relief by application to the sound discretion of the court. The court are of opinion, that no writ of error lies to opening of the judgment by the Common Pleas, and that the judgment be affirmed.

Judgment affirmed.