## Thomas *against* James.

Under the Mechanics' Lien Law of the 16th June 1836, the material-man, who has a claim for materials furnished for several buildings, must designate, in his claim filed, the amount which he claims to be due to him on each of such buildings: otherwise such claim will be postponed to liens subsequently entered.

APPEAL from the decree of the Common Pleas of *Luzerne* county.

This was a claim filed by Abraham Thomas against John H. James, contractor, and Chambers, Biddle & Co. reputed owners, and was as follows:—

"The prothonotary is hereby directed to enter for the plaintiff a mechanic's lien, in the Common Pleas of said county, for the sum of $503.89, together with interest, against a *two story* frame dwelling-house, 16 ft. by 24 ft., on the ground on *Dilly's Hill*, above the large rolling and slitting-mill of Biddle, Chambers & Co.: also, against a *one story frame* office, 18 ft. by 40 ft., on the ground *near the aforesaid* dwelling-house: also, on *ten houses*, one and a half stories high, and 22 by 16 ft., on the ground *situated in a row* in the grove on *Ross's Hill*, above the said rolling and slitting-mill; and on land purchased by Chambers, Biddle & Co. of Gen. William Rap; for lumber purchased by the plaintiff for said buildings, agreeably to the items and dates embraced in the account hereunto annexed and filed; which lumber was furnished for the above-named John H. James, who was the contractor and architect of the said buildings, and Chambers, Biddle & Co. are the reputed owners."

Upon the sale of the real estate of the owners by the sheriff, the money was brought into court for appropriation, and was claimed by the plaintiff and by subsequent lien creditors, and the question arose, whether the claim of the plaintiff was filed in pursuance of the Act of Assembly.

The court below (Conyngham, President) directed that it was not, and decreed the money to the subsequent lien creditors.

*Kidder*, for the appellant, argued that the 13th section of the Act imposed the penalty of being postponed only as to liens which existed at the time the mechanic's lien was filed.

*Butler*, contra. The proceeding upon a mechanic's lien is *in rem*, and the requisitions of the Act are positive and plain that the amount of the liability of each building shall be designated. It cannot be dispensed with.

[Thomas v. James.]

The opinion of the Court was delivered by

Sergeant, J.—Under the Act of 17th March 1806, relative to the liens of mechanics and material-men, it was a matter of much dispute whether a joint claim for materials, filed against several distinct buildings, was good.    It was at length decided, that where adjoining buildings were owned by different persons, it was void, *Gorgas* v. *Douglas*, (6 *Serg. & Rawle* 512); but that where they were owned by the same person, and erected under a general request, without any specific contract for each house separately, a mechanic or material-man might file his claim against all the houses jointly, or he might apportion it among them according to the value or price of the materials or work, and file a separate claim accordingly.    *Pennock* v. *Hoover*, (5 *Rawle* 291).    The Act of 31st March 1831, reciting that sometimes it was impossible for the person who found and provided materials, to specify in his claim filed the particular house or other building for which the several items of his demand were so found or provided, and that doubts had arisen as to the construction, in such cases, of the laws of the Commonwealth, enabled such person, when the buildings were adjoining and were built by the same person, to file with his claim an apportionment of the amount among the buildings, and subjected each to the payment of its apportioned share.    This provision did not attain the desired object; for if the claimant did not choose to file an apportionment with his claim, there was no compulsion upon him to do so, and the parties, debtor or owner, purchaser, lien creditors and others, were left open to the inconvenience that each building was liable for the amount of the whole claim, and that no part of the proceeds of any of the buildings could be applied to a subsequent encumbrance, so long as the joint lien remained unsatisfied, as was determined in *Pennock* v. *Hoover*, (5 *Rawle* 291).    It would seem to be with a view to obviate these inconveniences, by compelling the material-man who files a joint claim against several buildings owned by the same person, to specify how much each building shall be subject to, that the Act of 16th June 1836, sect. 13, enacts that in such case he shall designate the amount which he claims to be due to him on each of such buildings, and declares, that otherwise such claim shall be postponed to other lien creditors.    Now that is precisely the case of the material-man in the present instance. He has omitted to perform the duty required of him by this Act of Assembly; he has filed a joint claim against several buildings, without designating how much he claims to be due on each, and must therefore, by the express terms of the Act, be postponed to other lien creditors. He thus loses a priority over other lien creditors, which he might have had, through his own neglect and default in not complying with the provisions of the law.

But it is contended that he may be relieved from this result by the subsequent terms of the clause, that the lien of such claimant

[Thomas v. James.]

shall not extend beyond the amount so designated as against other creditors having liens by judgment, mortgage or otherwise, inasmuch as the language is, "having liens," which means, at the time the claim is filed, and therefore postpones him only to such liens as then existed, and not to those accruing afterwards, as is the case here. This part of the clause, however, does not apply to the plaintiff's case at all. It applies only where the person filing the claim has made the designation required by the Act, which the plaintiff never has done, and therefore no question can arise on the construction of these words.

This renders it unnecessary to give an opinion on the question which has been discussed, whether a joint claim can be filed under the Act of 1836 for materials found and provided, where the buildings put up under the same contract or request do not appear to adjoin each other.

Judgment affirmed.