<hr/>

No. 1958.—The State of Louisiana, ex. rel. Elizabeth Adams, Natural Tutrix, *v.* The Judge of the Second Judicial District of the State of Louisiana.

The District Judge has no discretion in granting a suspensive appeal where the appellant tenders his bond with legal surety for an amount exceeding by one-half the amount of the judgment.

The rule laid down in Art. 574 of the Code of Practice, that the Judge shall fix the amount of the bond for a suspensive appeal does not relate to a suspensive appeal from a judgment for a specific sum.   Where the facts show that the relator is entitled to a suspensive appeal, the Judge may be compelled by a writ of *mandamus* to grant the appeal.

APPEAL from the Second Judicial District of the State of Louisiana. *Pardee,* J.  *Cotton & Leovy* for relators, *Don A. Pardee* in personam.

Ludeling, C. J.   The answer of the Judge of the Second Judicial District of Louisiana, shows that on the fifth day of December, 1868, a judgment was rendered dissolving an injunction in the suit entitled, Elizabeth Adams, Natural Tutrix, *v.* Martin Dermody, F. J. Herron, United States Marshal, and A. H. De Meza, with three hundred dollars

damages and costs against the plaintiff and her surety on the injunction bond, *in solido.* The judgment was signed on the fourteenth of December last. Within the legal delay, a petition for a suspensive appeal from the judgment was filed and presented to the judge, who granted the order "upon the appellant giving bond, with good and solvent security conditioned as the law directs, *in the sum of forty-five hundred dollars.*"

The reasons given by the judge to justify his conduct are not sufficient.

Article 575 of the Code of Practice gives the appellant the right to a suspensive appeal, provided "he give his obligation, with a good and solvent security, residing within the jurisdiction of the court, in favor of the appellee, for *a sum exceeding by one-half* THE AMOUNT FOR WHICH *the* JUDGMENT WAS GIVEN, if the same be for a specific sum."

The judge has no discretion in such matter.

Article 574 of the Code of Practice, which provides that the judge shall state at the foot of the petition the amount of the bond, does not relate to *suspensive* appeals from judgments for a SPECIFIC SUM. Victor Duperron *v.* Van Wickle, Sheriff, et. al., 1 R. 324; Rachel *v.* Rachel, 11 An. 636; Surget *v.* Stanton, 10 An. 318.

Nor is the discretion given to the judge by article 574 absolute and uncontrollable. He must exercise a sound legal discretion to attain the ends intended by the law, to wit, *the security of the costs only.*

The judgment appealed from was for three hundred dollars and costs. The bond for one thousand dollars, which was tendered, was sufficient, as it exceeds in amount by one-half the sum "for which the judgment was given."

Another reason assigned by the judge was that the Second District Court of the State of Louisiana had not authority to issue an injunction to restrain the Marshal of the United States from executing a writ, issued from the Circuit Court of the United States, and that the injunction was absolutely null and void, and therefore, no appeal can be taken from the judgment dissolving the injunction and awarding damages against the plaintiff. This is a *non sequitur.*

Whether the Second District Court had jurisdiction or not, the party cast in the injunction suit had a right to have the judgment reviewed by this court, on appeal.

It is therefore ordered that the mandamus issued in this case be made peremptory.

REPORTER.—This case merely involves a question of fact, as to amount of the interest, and presents the same points as the preceding, reported above—No. 1958.