June 22nd, 1904.

————o————

No. 3532.

(Court of Appeal, Parish of Orleans.)

ERASMUS J. SHEPHERD vs. HENRY SCHOMAKER.

Art. 574 C. P. which provides that the Judge, on granting an order of appeal, shall state at the foot of the petition the amount of the surety to be given, etc., relates only to devolutive appeals. In Suspensive appeals the amount is fixed by the Code at a sum exceeding by one half the amount of the judgment, and so need not be mentioned in the order of appeal.

Appeal from Civil District Court, Division E.

J. H. Ferguson for Plaintiff and Appellee.

Geo. J. Untereiner for Defendant and Appellant.

ON MOTION TO DISMISS.

MOORE, J.   When the appeal has been granted upon motion in open Court all that is required of the Judge is that he shall fix the amount of security and cause the same with the order granting the appeal, to be entered upon the minutes of the Court.

The dismissal of this appeal is moved for on the ground that the trial Judge "did not fix the amount of security to be given by said applicant, as required by Art. 574 C. P."

The motion is based upon an error of fact.

The judgment appealed from is for $175.60 with 5 per cent. per annum interest from Nov. 1st, 1902.

The motion for a suspensive appeal was made and the order was granted, in open Court. The Judge fixed the amount of security at $350.00, "and caused the same with the order granting the appeal to be entered upon the minutes of the Court," C. P. 574; as all of which appears by the minute entries in the transcript of appeal filed herein. This is all that the law requires.

Motion denied.

June 27th, 1904.

### ON APPLICATION FOR REHEARING ON MOTION TO DISMISS.

The application for rehearing is based upon the ground that the minute entry of the lower Court granting the appeal, as the said entry appears in the transcript filed herein, does not represent the truth for asmuch as the original entry shows that no amount is fixed for the bond and, that in fact and in truth the Judge *did not* fix any amount.

Conceding it to be a fact that the Judge did not fix the amount of the bond and that the original minutes of the Court show this fact, it cannot be of any advantage to the appellee.

The motion for appeal and the order granting the appeal was for a *Suspensive* appeal. The Judgment appealed from was for a *specific sum.* In such cases it is the *statute*, and not the *Judge*, that fixes the amount of the bond to be furnished. All that the latter is required to do is to grant the order allowing the appeal and to fix the return day, then the law steps in and provides what amount of bond the appellant shall give so as to perfect his appeal as suspensive. C. P. 575.

Art. 574 C. P. which provides that the Judge, on granting an appeal shall state at the foot of the petition the amount of the security to be given, etc., relates only to devolutive appeals. In suspensive appeals the amount is fixed by the Code at a sum exceeding by one half the amount of the judgment, and so need not be mentioned in the order of appeal.

Duperon vs. Van Wickle 1 R. 324.

Luget vs. Stanton 10 A. 318.

Rachil vs. Rachil 11 A. 687.

The rehearing is refused.

June 27th, 1904.