## King *et al. versus* Brooks *et al.*

1. A court cannot strike off or vacate a judgment regular on its face ; but may open a judgment to give parties a hearing or trial.

2. In judgments by confession or default there is no limitation of time for exercising such power; but as to judgments rendered *adversely* after hearing, it must be at the end of the term at which the judgments are entered.

3. The ground of amending or taking off a judgment ought always to appear of record, that the court of error may see that it is not an arbitrary exercise of discretion.

4. Verdict was rendered for defendant March 15th, rule for new trial was discharged April 4th, the term ended April 11th.   June 3d, verdict fee was paid and judgment on the verdict ; same day the order discharging rule for a new trial vacated, the rule for a new trial reinstated and judgment vacated. June 24th, a new trial granted.   The Supreme Court affirmed the order.

November — 1872.   Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Fayette county :* No. 183, to October and November Term 1872.

An action of ejectment was brought May 10th 1869, Thomas Brooks and others against Austin W. King and Henry King.

On the 14th of March 1872, the cause was tried and a verdict rendered for the defendants.   On the 16th of March reasons for a new trial were filed and a rule granted on the defendants to show cause why a new trial should not be granted.   On the same day the court adjourned to meet April 4th 1872.   The court met on the day of adjournment, and after argument, the rule for a new trial was discharged.   The court then adjourned to meet April 11th, and having met on the same day "rose."   This was the end of March Term.

On the 3d of June 1872, the verdict fee was paid and judgment was entered on the verdict.   On the same day, being the commence-

[King *v.* Brooks.]

ment of the June Term, the court met and the records show this entry in this case :—

"And now, June 3d 1872, the.order of the court made April 4th 1872, discharging the rule to show cause why a new trial should not be granted, is vacated and said rule to show cause reinstated and judgment vacated as of this date. Court adjourned to meet June 24th." There is then this entry: "On motion for a new trial. And now, to wit, June 24th 1872, rule made absolute; new trial granted."

The defendants removed the record to the Supreme Court and assigned for error, the orders of the court of June 3d and 24th 1872.

*D. Kaine* and *A. Howell*, for plaintiffs'in error.—The power of the court over a judgment ends with term at which judgment is taken : Mathers *v.* Patterson, 9 Casey 487 ; Beale *v.* Comm'th, 1 Casey 11; Comm'th *v.* Mayloy, 7 P. F. Smith 297 ; Horner *v.* Hower, 3 Wright 126 ; Bredin *v.* Gilliland, 17 P. F. Smith 37.

*D. Downer*, for defendants in error.—Error does not lie to an order opening a judgment: Kalbach *v.* Fisher, 1 Rawle 323; White *v.* Leeds, 1 P. F. Smith 187.

The opinion of the court was delivered, January 6th 1873, by
SHARSWOOD, J.—It is true that no court has power to strike off or vacate a judgment which is regular on its face. But every court has power to open a judgment in order to give the parties a hearing or trial. In the case of judgments by confession or default there is no limit of time to the exercise of this power, but in the case of judgments entered adversely after a hearing or trial it is settled that it must be done before the end of the term at which they are entered : ·Bredin *v.* Gilliland, 17 P. F. Smith 37 ; Catlin *v.* Robinson, 2 Watts 379 ; Stephens *v.* Cowan, 6 Watts 511; Mathers' Ex. *v.* Patterson, 9 Casey 485 ; White *v.* Leeds, 1 P. F. Smith 187 ; Commonwealth *v.* Mayloy, 7 Id. 297. Even when the order of the court is to vacate or strike off—if it is apparent on the face of the record to have been for the purpose of a rehearing or retrial, it is in substance an order to open—though it is much better in all cases to employ the proper term. Had the judgment in this case been upon a verdict in favor of the plaintiff he might have had ground to complain that the court had deprived him of a lien which had already attached, which would have been preserved if the judgment had been opened. The court of errors, however, could have corrected the irregularity by an amendment. As however the verdict and judgment were for the defendant and no costs had been taxed, no lien had attached, and no injury had been done to the plaintiff in error in this respect. It is very evi

[King v. Brooks.]

dent from the record that the power exercised by the court in this instance was within the limit which has been established. It is true that the rule for a new trial was discharged at the April Term, and the defendants had then a right upon payment of the jury fee, to a final judgment. Had they availed themselves of this right the court could not have opened it at the succeeding term, unless perhaps in the case of a mere clerical mistake in having entered a judgment for the wrong party as was the case in Stephens v. Cowan, 6 Watts 511. It is to be noted, however, that this was not actually decided in that case, the judgment having been upon a case stated, this court considered and decided as they had a right to do that the judgment below was such as should have been rendered. The ground of amending a judgment or taking it off whether before or after the end of the term, ought always to appear of record that the court of error may see that it is not a mere arbitrary exercise of discretion. The discretion exercised in opening a judgment is not however subject to review: White v. Leeds, 1 P. F. Smith 181. In point of fact the judgment here was not entered until June 3d 1872; at the same term —indeed on the same day—the order complained of was made and the rule for a new trial was afterwards, June 24th 1872, made absolute.

　　　　　　　　　　　　　　　　　　　　　Order affirmed.