## Lance *versus* Bonnell.

1. The Courts of Common Pleas have discretionary power to permit a motion for a new trial to be filed nunc pro tunc at any time within the term at which the judgment was rendered.

2. It is no bar to the exercise of such power that judgment has been entered on the verdict after the expiration of the limit of four days after verdict provided by a rule of Court for the filing of motions for new trial. The Court may waive its own rule of practice.

3. If the motion for a new trial be filed nunc pro tunc within the term, by leave of the Court, it may be heard and decided at a subsequent term.

4. The making absolute of a rule to show cause why a new trial should not be granted has the effect of setting aside both the verdict and the judgment entered thereon; thereafter no judgment remains to support a writ of error and a writ of error taken in such case to review the above stated action of the Court was therefore quashed.

January 14th, 1884.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas No. 2, of *Philadelphia county :* Of July Term, 1883, No. 8.

Assumpsit, by Samuel Bonnell, Jr., against William L. Lance, Jr., upon a draft accepted by defendant. Plea, payment with leave, &c.

The record showed the following :
1882.
Oct. 18. Jury called.
"   21. Verdict for defendant.
"   28. Jury fee paid, and judgment on verdict.
Nov. 20. On petition of plaintiff filed, rule granted to show cause why. a motion for a new trial should not be entered nunc pro tunc as of October 21, 1882.
"   25. Rule absolute.
"   25. Motion and reasons for new trial filed, (nunc pro tunc).
Dec. 8. Rule granted.
1883.
March 21. Rule absolute.

The defendant thereupon took this writ of error, assigning for error the action of the Court in allowing the plaintiff to file a motion and reasons for new trial nunc pro tunc, and in granting and afterwards making absolute the rule for a new trial.

There are four terms of the said Court in each year, beginning on the first Mondays of March and June, the third Monday of September and the first Monday of December.

OF PENNSYLVANIA.

[Lance v. Bonnell.]

*David C. Harrington* (*Silas W. Pettit* with him), for the plaintiff in error.

*George R. Van Dusen* and *William Ernst* for the defendant in error.

Mr. Justice CLARK delivered the opinion of the court, February 4th, 1884.

It is certainly true that the granting of a new trial is a matter for the exercise of a sound discretion merely, and is not reviewable here on a writ of error. There is, however, a just limitation to this remedy; the power of the court is annulled when the day for discretion is past. The case before us does not present the question whether or not there was error in the discharge of a proper discretionary function, but whether or not the court, at the time, in this form, possessed any discretionary power in the matter before it. It is contended that the action of the court was unauthorized, and the question of power is, of course, reviewable here.

The rule of practice in the court below required that the motion for a new trial should be submitted within four days from the rendition of the verdict, and until after the expiration of that time judgment could not be entered. It must be conceded, however, that it was competent for the court, upon a proper showing, to waive the limitation imposed by its own rule of practice. The allowance of the motion on the 20th November, 1882, as of the 21st of October, 1882, which was the date of the rendition of the verdict, *nunc pro tunc*, simply dispensed with or waived the restriction of the rule. It is true that a judgment had been regularly entered upon the verdict, but, as the term had not yet expired, the judgment was as much under the control of the court as the verdict; the whole term, excepting for the rules of practice, is considered as but one day, and the judges may, at any time within the term, revise its judgments; the record is incomplete until the term is ended. Catlin *v.* Robinson, 2 Watts, 379; Mathers *v.* Patterson, 9 Casey, 485; Breden *v.* Gilliland, 17 P. F. S., 37; King *v.* Brooks, 22 P. F. S., 363; Commonwealth *v.* Mayloy, 7 P. F. S., 291.

If then it was competent for the court to entertain the motion, *nunc pro tunc*, the effect of that motion, when made, it must be conceded, is precisely the same as if made at the proper time. This was the import and purpose of the motion, and the court certainly could not have intended that it should have other than that effect. It was equivalent to an amendment of the record, and must be so considered. The motion

having been made within the term, no objection can be made that it was not finally disposed of until a subsequent term.

Assuming therefore, that the motion for the new trial must be taken as made at the rendition of the verdict, it follows necessarily that the judgment, although at the first regularly entered, was liable to be set aside, as a judgment may be set aside which was improvidently entered after a motion regularly made. A judgment, being the sentence of the law, pronounced upon the matter contained in the record, can only be set aside for matters appearing therein; but the motion for a new trial and the action of the court thereon, were matters of record, and, therefore, it was clearly within the power of the court not only to set aside the verdict, but the judgment also. Nor can we view the action of the court in so doing, as an arbitrary exercise of its discretionary functions, as that action was taken whilst the judgment was fully in its control, and we cannot review the matters which moved the discretion of the court.

The order for new trial was in this form: "March 31, 1883, rule absolute." Neither the verdict nor the judgment was set aside by any express words contained in the order, but both were set aside as the necessary effect of the award of a new trial. It would perhaps have been more formal, and perhaps in accord with the general practice, that the order should, in terms, have set aside both verdict and judgment, but we have no doubt whatever that the general form here pursued was equivalent to that indicated.

The fact of judgment entered on the verdict is no barrier against the grant of a new trial if the motion be made regularly and in time. Lingenfelter *v.* Coal Co., 3 Norris, 328; Van Vliet *v.* Conrad, 14 Norris, 496. We have been referred to the case of Huston *v.* Mitchell, 14 S. & R., 307. That case, however, differs widely from this. The motion there was not for a rule for a new trial, but to show cause why the judgment should not be opened, and it was not made until the second term after the judgment had been entered. The rule to open being made absolute had the effect to reverse a regular judgment and make an end of the plaintiff's claim. It amounted to a perpetual injunction, as the plaintiff had no judgment, and as long as the verdict stood he was not entitled to take out a venire facias. The same question was presented on the record in the case of Conrad *v.* Commercial Ins. Co., 32 P. F. S., 66, and the ruling of this Court in Huston *v.* Mitchell was there followed. The case of the Syracuse Oil Co. *v.* Carothers, 13 P. F. S., 379, is also plainly distinguishable from the present. The motion for the new trial there was made after the term, and some four months after verdict and judgment, whilst in this the motion was made within the term,

[Lane's Appeal.]

and, by special allowance, as of the date of the verdict. The motion in that case could not have been made as of the date of the verdict, as, the term being ended, the power of the Court, in that form, over the judgment was also ended. This Court, therefore, in ruling that case, very properly said: "No such motion could be made or granted so long after trial and verdict; nor could it be done with a judgment standing in full force under any conceivable circumstances." In the present case, however, the motion for a new trial was allowed to have precedence over the judgment, and the latter was dependent upon the final action of the Court upon the former.

We are well satisfied therefore, that the power exercised by the Court in this instance was within the limit which has been established, and as the verdict and judgment are both set aside, the cause is now open for further proceedings therein. It follows, therefore, that this writ of error cannot be sustained; there is no judgment, decree or sentence of the Court below which can be the subject of review here.

The writ of error is therefore quashed.