Sarah M. Hill, now assigned to Wm. J. Baldy, Appellant, *v.* Chas. P. Harder, sheriff of Montour county.

*Practice, C. P.—New trial at subsequent term erroneous.*

The court has no power to permit a motion for a new trial after the term at which the judgment was entered has passed.

Argued Jan. 18, 1897. Appeal, No. 44, Jan. T., 1897, by plaintiff, from order of C. P. Montour Co., June T., 1894, No. 108, granting a new trial. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Reversed.

Trespass against sheriff of Montour county. Before IKELER, P. J.

Summons issued June 5, 1894. March 18, 1896, jury called, issue joined and a verdict for plaintiff for $117.78. March 20, 1896, reasons for a new trial filed. June 5, 1896, motion refused. June 5, 1896, assignment of judgment filed, jury fee paid and judgment entered.

On October 19, 1896, the court revoked the order of June 5 refusing a new trial, and made absolute the same.

*Errors assigned* were, inter alia, making decree of October 19, 1896, as follows: " We think, therefore, that our order of June 5, should be revoked and the rule for a new trial made absolute, which is now, October 19, 1896, done."

*H. M. Hinckley*, with him *W. J. Baldy*, for appellant.—In making the order of October 19, granting a new trial, the court was no longer exercising sound discretion, and the day of the discretion having passed the power of the court is annulled: Lance v. Bonnell, 105 Pa. 46 ; Van Vliet v. Conrad, 95 Pa. 494 ; Conrad v. Ins. Co., 81* Pa. 66 ; Oil Co. v. Carothers, 63 Pa. 379.

*R. S. Ammerman* and *Edward Sayre Gearhart*, for appellee.

OPINION BY WICKHAM, J., February 16, 1897 :

On March 19, 1896, the plaintiff obtained a verdict, and the

same day the defendant moved for a new trial. On June 5, 1896, the court below after argument, made and filed the following formal order, to wit: "Now, June 5, 1896, the rule for a new trial is discharged and a new trial is refused."

The plaintiff thereupon paid the jury fee and, according to the usual practice, judgment was entered against the defendant, on the verdict. Thus the matter stood, so far as the record shows, until October 19, 1896, being the first day of the second term after the entry of judgment, when the court, for a reason not set forth in support of the defendant's motion, filed an opinion granting a new trial. The concluding words of the opinion are as follows: "We think, therefore, that our order of June 5, should be revoked and the rule for a new trial made absolute, which is now, October 19, 1896, done. Filed October 19, 1896."

The later statements of the learned trial judge, accompanying the allowance of the bill of exceptions to the order of October 19, 1896, are no part of the record and cannot be received to aid or contradict it. . The same remark of course is also applicable to the somewhat heated remarks of the counsel on both sides. Nor are we concerned with any question of veracity raised, in pais, between the counsel, or the court and the counsel for the plaintiff.

Taking the record as it stands, it was manifest error to grant a new trial, at the time the order therefor was made. It was then too late. The court had no power to permit a motion for a new trial after the term at which the judgment was entered had passed: King v. Brooks, 72 Pa. 363; Lance v. Bonnell, 105 Pa. 46; Hill v. Egan, 2 Pa. Superior Ct. 596. What cannot be done directly it is not permissible to do indirectly, as was here attempted, by revoking the order refusing the new trial and seeking to breathe new life into the original motion. If this were allowable, the power of the court to set aside a judgment, entered after the refusal of an application for a new trial, would be limitless as to time, so long as the judgment remained unpaid.

The orders granting a new trial and staying the writ of fieri facias are reversed and set aside, the appellee to pay the costs.