## Roman Fisher, Appellant, *v.* Hestonville, Mantua and Fairmount Passenger Railway Company.

*Practice, C. P.—Setting aside judgment after expiration of term.*

The common-law power to set aside a judgment regular on its face ends at the expiration of the term at which the judgment was entered. The further control of the court over the judgment for that purpose is equitable, and was asserted originally by bill in chancery. The ground of its exercise is therefore exceptional, and should appear of record, so that it may clearly appear that it is not a mere arbitrary exercise of discretion.

A verdict was rendered, a rule for a new trial discharged, and judgment on the verdict entered during December term, 1895. In November, 1896, a second rule for a new trial was granted, and in December, 1896, made absolute. No reasons appeared of record for this action of the court, but from depositions taken in the case, and not filed of record, it appeared that the action of the court was based on fraud of the plaintiff and his interpreter by which the verdict was obtained through false interpretation of the testimony. *Held*, (1) that the action of the court was irregular, as there should have been a petition filed setting forth the essential facts of the alleged fraud, as ground for the relief prayed ; (2) that the order of the court below should be reversed, and the record remitted with leave to the defendant to file a petition nunc pro tunc setting forth the grounds for a new trial, and for further proceedings by the court thereupon.

While the words "rule absolute for new trial" imply all that is meant by the words "judgment vacated, verdict set aside, and new trial granted," yet when such an order is made after the expiration of the term, it is much the better practice to have the record kept with full and entire formality, so as to disclose at once, upon inspection, exactly what was done and why.

Argued Jan. 14, 1898. Appeal, No. 271, Jan. T., 1897, by plaintiff, from order of C. P. No. 3, Phila. Co., March T., 1895, No. 885, making absolute a rule for a new trial. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Reversed.

Trespass for personal injuries.

New trial granted after expiration of term at which judgment was entered.

From the record it appeared that on January 16, 1896, a verdict was rendered for plaintiff for $1,500.

On January 20, 1896, the appellee moved for a new trial and assigned reasons in support thereof, and on January 30, 1896,

after an argument before the court in banc, the rule for a new trial was discharged. On February 4, 1896, the jury fee was paid and judgment was entered on the verdict.

On February 21, 1896, the appellee filed a bill of exceptions and on the same day a writ of certiorari from the Supreme Court (of January term, 1896, No. 273), was brought into the office. On February 25, 1896, the record was certified for the Supreme Court, but was not filed in said court.

On November 27, 1896, the appellee filed a motion for a new trial. The docket entry is as follows : " November 27, 1896, motion for a new trial and reasons filed ; " but no reasons were filed.

The court made the following order:

" And now, November 27, 1896, on motion of J. Bayard Henry, Esq., attorney for the Hestonville, Mantua and Fairmount Ry. Co., one of the defendants in the above entitled case, the court grant rule on the plaintiff to show cause why a new trial should not be ordered. Returnable on the      day of December, 1896."

On December 31, 1896, the court made absolute a rule for a new trial.

*Error assigned* was the order of December 31, 1896.

*Joseph S. Goodbread*, for appellant.—In the case of Ullery v. Clark, 18 Pa. 148, this Court held that the lower court had no power to alter its judgment after the lapse of several terms : Mathers v. Patterson, 33 Pa. 485; Catlin v. Robinson, 2 Watts, 379; Stephens v. Cowan, 6 Watts, 513 ; Com. v. Beale, 25 Pa. 11 ; Com. v. Keating, 57 Pa. 291; Syracuse Pit Hole Oil Co. v. Carothers, 63 Pa. 379 ; King v. Brooks, 72 Pa. 363 ; Conrad v. Commercial Mut. Ins. Co., 81* Pa. 71 ; In re Kensington & Oxford Turnpike Co., 97 Pa. 261 ; Lance v. Bonnell, 105 Pa. 46 ; Hill v. Egan, 2 Pa. Superior Ct. 596 ; Hill v. Harder, 3 Pa. Superior Ct. 473.

*J. Bayard Henry*, with him *Russell Duane*, for appellee, cited Dorney v. Mertz, 8 Phila. 553 ; Cochran v. Eldridge, 49 Pa. 365 ; Lance v. Bonnell, 105 Pa. 46 ; In re Kensington & Oxford Turnpike Co., 97 Pa. 260.

OPINION BY MR. JUSTICE MITCHELL, May 2, 1898:

The remedy for wrongful verdicts by new trial was established in England before the foundation of Pennsylvania. It was therefore part of the common law of jury trials which the colonists brought with them, and has always been exercised here: Kalbach v. Fisher, 1 Rawle, 323. The older remedies of audita querela and error coram nobis, though in existence here, have in practice been superseded by the more convenient instrument of a new trial.

The principles on which the authority rests are well settled. Until judgment the verdict is under control of the court by virtue of its common-law powers, as the judge is an essential constituent of the tribunal for jury trial, and may refuse judgment and set aside the verdict for any reason which appeals to his judicial discretion. It is not necessary that his reason should appear of record, though it is the better practice that it should: SHARSWOOD, J., King v. Brooks, 72 Pa. 363. And even after judgment the court may during the term at which it was entered, allow a rule for new trial nunc pro tunc and make it absolute: Lance v. Bonnell, 105 Pa. 46. But at the expiration of the term at which it was entered the common-law power to set aside a judgment regular on its face, ends: King v. Brooks, supra. The further control of the court over it for that purpose is equitable, and was asserted originally by bill in chancery: Cochran v. Eldridge, 49 Pa. 365. The ground of its exercise therefore is exceptional, and should appear of record, so that it may clearly appear " that it is not a mere arbitrary exercise of discretion: " King v. Brooks, supra.

In the present case the verdict was rendered, a rule for new trial discharged, and judgment on the verdict entered during the December term, 1895. In November, 1896, a second rule for new trial was granted, and in December, 1896, made absolute. No reasons appear of record for this action of the court. It is claimed by the appellee that it was based on the fraud of the plaintiff and his interpreter by which the verdict was obtained through false interpretation of the testimony. And this seems to be sustained by the depositions. But they are not regularly before us and do not even appear to have been filed of record. There can be no question that the rule that fraud vitiates everything into which it enters applies to verdicts and

judgments, and the equitable powers of the courts on that subject may be administered summarily upon rule.   But the jurisdiction as already said is exceptional, and the facts upon which it is based should appear of record.   The action of the court below was no doubt right in substance, and it was the tribunal to estimate the weight of the evidence as to the alleged fraud. But the method was irregular.   The facts remain in the breast of the court and nothing is shown of record to sustain its action. There should have been a petition filed, setting forth the essential facts of the alleged fraud, as ground for the relief prayed. The jurisdiction of the court would thereupon appear, and its subsequent proceeding be regular.   The order of the court formally entered would be " judgment vacated, verdict set aside and new trial granted."   It is true the entry "rule absolute for new trial" implies all this (Lance v. Bonnell, 105 Pa. 46), but when done after the term it is much the better practice to have the record kept with full and entire formality, so as to disclose at once upon inspection, exactly what was done and why.

The judgment is reversed, and the record remitted with leave to the defendant, appellee, to file a petition nunc pro tunc, setting forth the grounds for new trial and for further proceedings by the court thereupon.