## Cronrath *v.* Border, Appellant.

*Practice, C. P.—New trial—Failure to pay jury fee—Entry of judgment.*

Where the court discharges a rule for a new trial and thereafter the defendant pays all the costs except the jury fee, in consequence of which omission no judgment is entered, the court may after the expiration of eight months, and in the exercise of its sound discretion, reinstate the rule for a new trial and make it absolute.

Until judgment the verdict is under the control of the court by virtue of its common-law powers, as the judge is the essential constituent of the

tribunal for jury trial, and may refuse judgment and set aside the verdict for any reason which appeals to his judicial discretion. It is not necessary that his reason should appear of record, though it is better practice that it should.

Argued Nov. 17, 1904. Appeal, No. 3, Oct. T., 1904, by defendant from order of C. P. Berks Co., reinstating and making absolute a rule for a new trial in case of William M. Cronrath v. James Border. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Rule for new trial.

In addition to the facts stated in the opinion of the Superior Court it appeared that the verdict was rendered on April 23, 1902, the rule for a new trial was discharged on November 10, 1902, the costs other than the jury fee were paid in January 8, 1903, and the rule reinstated and made absolute on November 16, 1903.

*Error assigned* was the order reinstating and making absolute the rule for a new trial.

*Edward S. Kremp*, with him *Wilson S. Rothermel*, for appellant.—The court had no power to make an order for a new trial: Com. v. Gipner, 118 Pa. 379; Hogan v. West Mahanoy Twp., 174 Pa. 352; Dean v. Munhall, 11 Pa. Superior Ct. 69; O'Donnell v. Flanigan, 9 Pa. Superior Ct. 136.

*Harvey F. Heinly*, for appellee.—In the case at bar it was the duty of appellant and defendant below, under the law, to pay the jury fee and enter judgment on the verdict. The payment of the costs by the plaintiff below could in no wise deter him from doing so.

Until judgment the verdict is under the control of the court by virtue of its common-law powers: Fisher v. Ry. Co., 185 Pa. 602; King v. Brooks, 72 Pa. 363; Lingenfelter v. Riddlesburg Coal & Iron Co., 84 Pa. 328; Stauffer v. City of Reading, 206 Pa. 479.

PER CURIAM, December, 16, 1904:

This was an action of trespass in which a verdict was

rendered for the defendant in April, 1902. A rule for new trial was granted, which was argued in October and discharged in November, 1902. It may be conceded for the purposes of the case that if the defendant had then paid the jury fee and caused judgment to be entered in his favor, the power of the court to reinstate the rule after the expiration of the term and make it absolute—it not being alleged nor even intimated that the verdict was procured by fraud—would have been gone. The rule upon this subject was thus stated by the present Chief Justice in Fisher v. Hestonville etc., Pass. Ry. Co., 185 Pa. 602 : " Until judgment the verdict is under the control of the court by virtue of its common-law powers, as the judge is an essential constituent of the tribunal for jury trial, and may refuse judgment and set aside the verdict for any reason which appeals to his judicial discretion. It is not necessary that his reason should appear of record, though it is the better practice that it should : SHARSWOOD, J., King v. Brooks, 72 Pa. 363." But the defendant did not pay the jury fee and cause judgment to be entered on the verdict, and we know of no principle upon which it can be held that the mere payment of the other costs by the plaintiff was equally as effective as a judgment would have been to preclude the court from subsequently reinstating the rule, and after reargument, making it absolute. The case of Commonwealth v. Gipner, 118 Pa. 379, which the appellant cites, does not sustain him in the position he takes. There the defendant submitted to the judgment by the payment of the fines and costs, and thus ended the case. Here, not only was there no judgment, but the defendant, upon whom the duty primarily rested, had not paid the jury fee and had it taxed as part of the costs. Nor is the case ruled by O'Donnell v. Flanigan, 9 Pa. Superior Ct. 136, and Dean v. Munhall, 11 Pa. Superior Ct. 69 ; for in both those cases, judgment had been entered. So far as the question of power is concerned, we find nothing in this case to take it out of the general rule above stated. .

The granting or refusing of a new trial, except for causes like errors of law by the judge or misconduct of the jury where it may be matter of right, is an exercise of judicial discretion by the court in furtherance of right and justice according to the circumstances of the case : Stauffer v. City of Reading,

206 Pa. 479. That the court's discretionary power is broad enough to include the reinstatement of the rule for a new trial which it has erroneously discharged, cannot be doubted: King v. Brooks, 72 Pa. 363, and Lingenfelter v. Riddlesburg Coal & Iron Co., 84 Pa. 328, are cases in point. But such delay in moving for its reinstatement as there was in this case would be a strong reason for refusing the motion except in a very clear case. An arbitrary exercise of discretion would not be beyond the corrective power of the proper appellate court. But the record as brought up to us exhibits nothing of that kind. On the contrary, the opinion of the learned trial judge shows a most careful regard for the right of the defendant to have the verdict stand, unless the clearest reasons were shown for setting it aside. After reviewing the evidence at great length, he said : " It would not be sufficient for the plaintiff now to demonstrate simply the inconclusiveness of the evidence. He is bound to go further and show that which in the opinion of the court will negative the possibility of an ultimate inference in favor of defendant from the evidence that is in the case, or that may be adduced on a retrial." Again, in concluding his opinion, he said : " When it is made so plain as it has been made here, that a trial has in all probability resulted in an injustice, it would be a violation of that elementary rule— that the purpose of every trial is to do justice between the parties. to it—to refuse to grant such relief as it remains in the power of the court to grant; especially when it appears that the court itself fell into error, that its error may have materially assisted the jury in coming to a wrong conclusion, and that the occasion of the error was not exclusively attributable to the plaintiff's conduct of his case." Whether or not he was right in concluding that he had erred in instructing the jury, is not a question for decision upon this appeal. All that we decide is that the court of common pleas has discretionary power to do what was done in this case, and that the exercise of the power, for the reasons given by the trial judge, was not, under the special circumstances, an abuse of discretion.

Order affirmed.