Broadway National Bank of Scottdale, Pa. *v.*
Diskin, Appellant.

Argued April 18, 1932.

Before TREXLER, P. J., KELLER, GAWTHROP, CUNNING-
HAM, BALDRIGE, STADTFELD and PARKER, JJ.

*Lewis C. Walkinshaw,* for appellant.

*R. E. Best* of *Smith, Best & Horn,* for appellee.

OPINION BY GAWTHROP, J., July 14, 1932:

This appeal is from the refusal of the court below to strike off a judgment entered September 18, 1928, by confession on a judgment note made and delivered by P. Diskin to Broadway National Bank of Scottdale, Pa., on January 31, 1927, in the sum of $2,500. On January 31, 1931, the liquidation of the Broadway National Bank was suggested of record in the present proceeding, and the persons composing the liquidating committee were designated as proper representatives of the plaintiff. On the same day a fi. fa. was issued on the judgment and the sheriff was instructed to levy upon and advertise for sale all the right, title and interest of the defendant, P. Diskin, to a certain lot of ground. On August 4, 1931, the defendant and Connie M. Diskin presented their joint petition to the court below, praying that the writ be stayed and that the lien of the judgment be stricken off as affecting the property of Connie M. Diskin. The petition admitted the execution and delivery of the note, and averred that P. Diskin was the trustee of a certain mortgage binding the premises above mentioned, the real owner of which was not stated, and that upon the bond accompanying said mortgage the above described real estate was sold to Connie M. Diskin; that P. Diskin instructed his attorney to have the sheriff's deed made to Connie M. Diskin, but, contrary to such instructions, the deed was made to P. Diskin; that after the judgment here involved was entered P. Diskin, on

January 18, 1929, executed and delivered to Connie M. Diskin a deed for said premises. The petition averred further that the business of the Broadway National Bank was consolidated with the First National Bank of Scottdale, Pa., on January 31, 1931; that the latter bank succeeded to and became the lawful holder of the judgment note here involved; and that plaintiff was not entitled to execution nor to the collection of the money secured by the judgment. The prayer was for the staying of the writ and the striking off of the lien of the judgment as affecting the property of Connie M. Diskin above described. After the filing of an answer by the liquidating committee of Broadway National Bank, the case was heard on petition and answer, and the rule to strike off was discharged.

The order must be affirmed. P. Diskin brings this appeal. His principal contention is that the premises conveyed by him to Connie M. Diskin should not be bound by the lien of the judgment and sold on the execution. The learned court below appropriately remarked that this is no justification for striking from the records a judgment regular upon its face. "A judgment will be stricken off only because of defects which are apparent on the face of the record, and in disposing of such motion the court will not consider matters depending upon extrinsic proof. If the judgment, as entered, is regular on its face and defendants feel they are aggrieved thereby, their remedy is by motion to open the judgment and not to strike it off. 'The distinction between striking off and opening a judgment is clear and well settled. It can be stricken off only for irregularity appearing on the face of the record. Relief from it, when regularly entered, and upon which no process has been issued, if the defendant is entitled to relief, must come through a motion or petition to open it, such motion or petition being an appeal to the equitable power of the court to let the defendant into a defense': Spiese v. Shee, 250 Pa.

399, 400, and cases there cited'': Wilson v. Vincent, 300 Pa. 321, 325. See also Breden v. Gilliland, 67 Pa. 34; Germantown Brewing Co. v. Booth, 162 Pa. 100; France v. Ruddiman, 126 Pa. 257; Lincoln Bank of Erie v. Gem City Wholesale Grocery Co., 286 Pa. 421; Pacific Lumber Co. v. Rodd, 287 Pa. 454. A careful examination of the petition to strike off does not disclose a single averment concerning the irregularity of the judgment appearing on the record.

A defendant is not concerned with the title of the use plaintiff, the sole question being whether the legal plaintiff is entitled to recover: Wilson v. Vincent, supra; Howes v. Scott, 224 Pa. 7; and E. & S. Trans. Co. v. W. F. & M. Ins. Co., 92 Pa. Superior Ct. 235. Of course, the judgment is a lien only against real estate of which P. Diskin was the owner. Connie M. Diskin is not a defendant or an appellant. If in fact the land levied upon is her property the purchaser will acquire no interest on a sale under the present judgment. A bona fide purchaser, at a valid sale of property under execution, who has received the sheriff's deed therefor acquires all the rights, title and interest of the judgment debtor therein, whether legal or equitable, and nothing more: Fischer v. Woodruff, 254 Pa. 140. Connie M. Diskin may protect her rights in an action of ejectment brought by the sheriff's vendee against her, but whatever her rights in the land levied upon they cannot be protected in this proceeding.

The judgment being regular on its face, the court below properly refused to strike it off. The order is affirmed at appellant's costs.