## Doran & Ely v. Hohn et al.

*Kelly & Kelly*, for plaintiff.
*M. W. Stephens*, for petitioner.

SMITH, P. J., April 8, 1935.—The defenses interposed by the petitioner, Minnie E. Hohn, concern the effect of her signing, as "terre-tenant", two successive amicable revivals of an original judgment by the plaintiffs against Louis N. Hohn, her husband, upon a note signed by him only, on February 2, 1922, as of April term, 1922, no. 13, for $500, such renewals being January term, 1927, no. 149, and January term, 1932, no. 208.

Her defense is twofold: (1) That at time of such signature she was a married woman, the wife of the other defendant, Louis N. Hohn; that the debt represented thereby was the sole original indebtedness of her husband, and that in any event her signature was only as an accommodation or guaranty or surety; and (2) that at the time of such signing, before or since, she was not a terre-tenant of any lands upon which the original judgment as of April term, 1922, no. 13, so purported to be renewal, was or had been a lien.

As to the first defense the facts in support thereof, including those incorporated in the agreement of attorneys for both plaintiffs and defendants, attached to the depositions and made a part thereof, are sufficiently established by such depositions, and we so find, and are sufficient to authorize the making the rule absolute on the grounds as stated.

Considering the second defense, that the petitioner was not a terre-tenant, the inquiry relates to determining the character of her title to any interest or share in a farm of 169 acres in Brooklyn Township. As sustained by the depositions,

it appears that in the lifetime, and at the respective deaths of Fred Hohn and Dora Hohn, his wife, father and mother of Louis N. Hohn, defendant, the former was the owner in fee of a three-fourths undivided interest in said farm and the latter of the remaining undivided one fourth therein.

The father, dying May 24, 1915, devised, subject to life use by his widow, his three fourths in fee equally to his three sons, Everett, Frank, and Louis, the defendant; and the mother dying intestate on August 31, 1923, title under the intestate laws vested in the same equal shares in her three sons above-named, the necessary conclusion being that on February 2, 1922, the date of entry of the original judgment of plaintiffs against Louis N. Hohn, defendant, he was the owner of one third of his father's three-fourths interest in said farm or three-twelfths or one-fourth interest therein, subject to his mother's life use thereof, and upon which said judgment as of April term, 1922, no. 13, became a lien and so continued until the date of his mother's death, August 31, 1923, when by her death intestate he became the owner of a one-third undivided interest in her remaining one fourth of said farm or an undivided one twelfth; which together with the previously acquired one fourth from his father's estate made him the owner in fee of a four-twelfths, or undivided one-third interest therein, viz, equally in the whole with his two brothers, Everett and Frank.

Following the decease of their mother, Dora, the said Louis N. Hohn and his wife acquired by purchase and had conveyed to themselves jointly as husband and wife from the two brothers, Everett and Frank Hohn, the latter's interest in both their father's and mother's estate to said farm, the father's share in December of 1924, and the mother's share on February 24, 1925.

Thus the source and character of the title of the present defendant, Minnie E. Hohn, to the lands in question, viz, the farm of 169 acres, at the time of signing either of the renewals January term, 1927, no. 149, and January term, 1932, no. 208, were only the conveyance to her and her husband, Louis N. Hohn, jointly as husband and wife by the two deeds from Everett and Frank Hohn last above-mentioned, and the shares and interests to which even the husband Louis N. Hohn acquired any title except by the same deeds, and consequent upon or against which the original judgment April term, 1922, no. 13, against him had never yet become a lien or charge.

Gibson, C. J., in Dengler v. Kiehner, 13 Pa. 37, 41, says: "There can be no terre-tenant, who is not a purchaser of the estate, mediately or immediately, from the debtor, while it was bound by the judgment". See also Kefover et al. v. Hustead et al., 294 Pa. 474, 478.

This definition of the creation and status of a terre-tenant precludes without further discussion the idea that the present petitioner was one when she signed either of the renewals and she and her interest in the 169 acres farm in question are entitled to be discharged from any liability.

It will be noted that the application at bar is not to release petitioner from personal liability, but to release her interest in real estate, title to which is held by her, which, upon the record, is chargeable with the lien of the judgment because of her being a "terre-tenant" thereof, a fact which is negatived by the proof. Therefore, while such irregularity may be said not to appear affirmatively upon the record, it is shown by the evidence, and we should treat the present rule as one to strike off rather than upon the judgment January term, 1927, no. 149, and January term, 1932, no. 208, against her as a terre-tenant.

That we are thus allowed to consider the depositions and make such rule to strike off absolute we believe is sustained by our own discussion and citation of authorities in the opinion filed and published as Mihevc v. Gerchman et al., 16

D. & C. 420, which is not inconsistent with or contrary to the general distinction between the remedies of striking off and opening judgment afforded in Broadway National Bank of Scottdale v. Diskin, 105 Pa. Superior Ct. 279.

And now to wit, April 8, 1935, treating the present rule as one to strike off said judgment, such rule is hereby made absolute and the judgments against the petitioner, Minnie E. Hohn, terre-tenant as of April term, 1927, no. 149, and January term, 1932, no. 208, are stricken from the record; exceptions noted and bill sealed for the plaintiffs. Costs of the proceedings on this rule to be paid by Minnie E. Hohn.  From Gerritt E. Gardner, Montrose, Pa.