Opinion by
 

 Keller, P. J.,
 

 These appeals by the plaintiff in an action of trespass relate for the most part to matters of procedure. As the proceedings in the court below were somewhat complicated we shall have to go into some detail in describing them.
 

 The action was originally brought on October 18, 1938 by Benjamin Kingsdorf, this appellant, against Frank Gamburg, Inc. In his statement of claim Kingsdorf averred that he was the owner of ¡premises 1225 Poplar Street, Philadelphia; that Gamburg, Inc., since February 1, 1934, was the owner of the adjoining premises, 1223 Poplar IStreet; that by reason of the long continued defective, ruinous, unsafe and dangerous condition of premises No. 1223, that building collapsed on September 22, 1938, as a result |of which plaintiff’s building, No. 1225, was undermined and collapsed, causing plaintiff damages which he sought to recover in this action.
 

 The defendant, Gamburg, Inc., in its affidavit of defense admitted that it became the registered owner of premises No. 1223 on February 1, 1934, but averred that on or about May 15, 1935 it sold and conveyed the said property to Jacob Marbin, a resident of Philadelphia ; and it denied being the owner or in possession of said premises after said conveyance.
 

 
 *87
 
 On March 28, 1939 a stipulation was entered into by counsel for all parties that William Thomas, who had been a tenant of the plaintiff, Kingsdorf, should be al: lowed to intervene as a party plaintiff, and ’that in so far as he was concerned the defendants should be Benjamin Kingsdorf and Frank Gamburg, Inc.
 

 The case came on for trial on October 3, 1939 before President Judge Bok of Court of Common Pleas No. 6 and a jury, resulting iñ a verdict on October 5 in favor of the plaintiff Thomas against defendant Gamburg, Inc. for $200, (non-suit as to defendant Kingsdorf); and a verdict in favor of the plaintiff Kingsdorf against Gamburg, Inc. for $2000.
 

 On October 9, 1939 the defendant Gamburg, Inc. filed motions for a new trial and for judgment non obstante veredicto which, after argument, the court on January 11, 1940 discharged and overruled.
 

 On January 12, 1940 the jury fee was paid and judgments were entered on the verdict. The same day the plaintiff Kingsdorf issued an attachment execution on his judgment against Gamburg, Inc. summoning Broad Street Trust Company and Diligent Building and Loan Association as garnishees.
 

 On January 23, 1940, within the term of the entry of the judgment, the defendant obtained a rule to show cause why a reargument of the rule for a new trial should not be granted, on the ground of after-discovered evidence, including the production of the original deed from Gamburg, Inc. to Jacob Marbin, dated May 15, 1935, which had been lost or mislaid and could not be produced at the trial. Following an answer filed by the plaintiff to this rule, and the taking of depositions in support of it, and oral argument on the rule, the court, on March 30, 1940, made the rule absolute and granted a new trial. “The motion having been madé within the term, no objection can be made that it was not finally disposed of until a subsequent term”:
 
 Lance v. Bonnell,
 
 105 Pa. 46.
 

 
 *88
 
 In Ms opinion, Judge Bok, speaking for the court, said
 
 inter alia:
 
 “The defense of sale in the instant case is a vital defense, for obviously the defendant evades liability if it can establish
 
 [1]
 
 the fact that it did not own the building during the time when it should have inspected it had it been the owner.
 

 “The appearance of the deed, unrecorded and steadily in O’Farrell’s possession, deepens the mystery surrounding the Recorder of Deed’s receipt slip which Hass said Marbin showed him in May, 1935, and gives that incident a considerably greater amount of importance concerning the essential credibility of the witnesses. The discovery of the original deed also casts a different light upon the hasty recording of the duplicate deed shortly after the collapse, and provides a reasonable explanation for what may well have impressed the jury as a suspicious action.
 

 “We are satisfied that no reasonable diligence would have revealed before 'trial the facts set forth in the depositions. Furthermore, defendant acted promptly in tracing O’Farrell after hearing his name mentioned for the first time by Marbin at the trial.
 

 “We are also satisfied that under all the peculiar circumstances of the case justice requires another trial of the issue.”
 

 On April 10, 1940 plaintiff appealed to No. 146 October Term 1940, without filing bond.
 

 On June 4,1940 defendant presented a petition briefly setting forth the salient facts above recited and averring that by reason of the granting of a new trial the judgment entered on the verdict on January 12, 1940 was of no force and effect and that the attachment execution thereon fell with it. It therefore prayed the court to grant a rule on the plaintiff to show cause why the said judgment should not be stricken from the record and the attachment dissolved. To this rule, the plaintiff Kingsdorf apparently filed no answer. The
 
 *89
 
 President Judge of Common Pleas No. 6 wrote to Judge Cunningham, of this Court, requesting the return of the record, in order that “the judgment may be stricken off and the attachment dissolved, and the record then to be returned to your court with this order attached.” Judge Cunningham complied with his request, and, after the formal entry of the order was made in the court below on June 10,1940, the return day of the rule, the record was returned to this Court. Prom this order plaintiff, on June 13, 1940, appealed to No. 204 October Term 1940.
 

 We shall consider the appeals in the reverse order from that adopted by appellant.
 

 1. Appellant contends that the alleged after-discovered evidence did not warrant the grant of a new trial, and cites a number of authorities
 
 (Hornik v. Bethlehem Mines Corp.,
 
 310 Pa. 225, 228, 165 A. 36;
 
 Com. v. Brady,
 
 76 Pa. Superior Ct. 488, 489;
 
 Com. v.
 
 Mellon, 81 Pa. Superior Ct. 20, 25, et al.) in which the Supreme Court and this court have laid down the essentials necessary to
 
 require
 
 a lower court to
 
 grant
 
 a new trial on the ground of after-discovered evidence. But every case cited by appellant was one where the lower court had refused to grant a new trial on that ground land the appellate court had been asked to reverse the trial court and direct it to do so. We do not hold a trial court, which in its discretion has seen fit to grant a new trial because of after-discovered evidence, to the same strictness as respects the requirements or incidents of such evidence, as we do where a party is asking us to reverse the lower court for refusing to take such action. 'Whether or not a new trial shall be granted to let in after-discovered evidence is a matter for the trial court and in such cases we never reverse unless convinced of clear abuse of discretion”:
 
 Hunter v.
 
 Bremer, 256 Pa. 257, 266, 100 A. 809. As succinctly stated by the Supreme Court in
 
 Simmons-Boardman
 
 
 *90
 

 Pub. Co. v. American Boron Products Co.,
 
 282 Pa. 521, 128 A. 511. “We have not been referred to any case, and we know of none, where an order granting a new trial on the ground of after-discovered evidence has been reversed on appeal; matters of that kind are peculiarly within the discretion of the trial court.”
 

 The learned trial judge felt that the after-discovered evidence met the requirements set forth in the cases above referred to, cited by appellant. Our review of the evidence does not lead us to disagree with him. But, in any event, he did not rest his action solely on that ground. He also said: “We are also satisfied that under all the peculiar circumstances of the case justice requires another trial.” We will not interfere with the exercise of the discretion committed in such matters to the trial court, unless satisfied that the grant of a new trial was a clear abuse of discretion, which is not the case here:
 
 Ravis v. Shehulskie,
 
 339 Pa. 161, 14 A. 2d 70;
 
 Koch v. Imhof,
 
 315 Pa. 145, 172 A. 672. It is not necessary, therefore, to discuss the evidence presented to the court in the depositions on the rule, or the cases cited by appellant in his attack on the validity of the deed.
 

 2. We shall next discuss the effect of the granting of a new trial.
 

 In this connection, it must be remembered that a motion for a new trial was filed within four days after the verdict was rendered, and that the motion for a re-argument of this rule was made within twelve days after the rule had been discharged and eleven days after the entry of judgment and the issuance of an attachment execution thereon, and
 
 within the term of the judgment.
 
 A motion for a new trial may be allowed any time within the term, and if the motion is filed within the term, it may be disposed of at a subsequent term:
 
 Lance v. Bonnell,
 
 105 Pa. 46;
 
 Fisher v. Fisher,
 
 74 Pa. Superior Ct. 538, 544;
 
 Brockett v. Brockett,
 
 2 Howard 238, 241;
 
 Goddard v. Ordway,
 
 101 U. S. 745,
 
 *91
 
 751. Tbe court can grant a reargument after discharging tbe rule for a new trial:
 
 Van Vliet v. Conrad,
 
 95 Pa. 494. Tbe fact that judgment may have been entered on tbe verdict is no barrier to the grant of a new trial if tbe motion is made regularly and in time:
 
 Lingenfelter v. Coal Co.,
 
 84 Pa. 328;
 
 Lance v. Bonnell,
 
 supra.
 

 The grant of a new trial sets aside both tbe verdict and tbe judgment, if any, entered upon it “without any specific mention of either”:
 
 Iacavino v. Caterino,
 
 336 Pa. 308, 310, 9 A. 2d 620;
 
 Giles v. Ryan,
 
 317 Pa. 65, 69,
 
 [1]
 
 176 A. 1 (in this case it was held to divest a lien acquired on real estate);
 
 Lance v. Bonnell,
 
 105 Pa. 46, 48;
 

 [2]
 

 United States v. Ayres,
 
 9 Wallace 608, 610
 

 [3]
 

 Fisher v. Hestonville &c. Ry. Co.,
 
 185 Pa. 602, 604-5
 
 [4]
 
 , 40 A. 97;
 
 Class & Nachod Brewing Co. v. Giacobello,
 
 277 Pa. 530, 533, 121 A. 333;
 
 Com. v. Bishop,
 
 69 Pa. Superior Ct. 435.
 

 If tbe defendant in this case bad delayed action until after tbe expiration of tbe term of tbe judgment, it could not then have moved for a new trial, but could only have asked that the
 
 judgment he opened.
 
 This was stated by tbe Supreme Court (Shabswood, J.)— by way of dictum, it is true — in
 
 King v. Brooks,
 
 72 Pa. 363, a case greatly relied on by appellant, but, in reality,
 
 *92
 
 an authority against him. For, in that case, a verdict for the defendants was' rendered on March 14, 1872. Reasons for a new trial were filed and a rule to show cause granted on March 16th. Court then adjourned to meet April 4, on which day argument was had and the rule was discharged. The term ended April 11. On June 3, the verdict fee was paid and judgment was entered on the verdict. On the same day, being the commencement of the June Term, the court vacated the order discharging the rule for a new trial, reinstated the rule and vacated the judgment, and adjourned to meet June 24th. On June 24, the rule for a new trial was made absolute and a new trial granted. It will be seen that the facts are very like, this case, except that the judgment was vacated when the rule for a new trial was reinstated, rather than :by the granting of the new trial. And the Supreme Court
 
 affirmed
 
 the action of the court below. In doing so, they pointed out that if the defendants had entered judgment on the verdict before the term expired on April 11, the motion of the plaintiff on June 3 would have been to
 
 open
 
 the judgment; but as the
 
 motion was made within the term of-the judgment,
 
 no error was committed in vacating the judgment and granting a new trial. To the same effect, see
 
 Lance v. Bonnell,
 
 supra, which distinguished the
 
 *93
 
 cases of
 
 Huston v. Mitchell,
 
 14 S. & R. 307,
 
 Conrad v. Commercial Ins. Co.,
 
 81* Pa. 66, and
 
 Syracuse Oil Co. v. Carothers,
 
 63 Pa. 379. In
 
 Huston v. Mitchell,
 
 the lower court, during the
 
 second term after judgment was entered
 
 on a verdict, opened
 
 [5]
 
 the judgment, without setting aside the
 
 verdict,
 
 leaving the plaintiff in the position — as expressed by Chief Justice Tilghman — of being “without the means of proceeding in his suit. The verdict is not set aside, though the judgment entered on it is rendered ineffectual; the plaintiff can neither enter judgment on the verdict nor take out a
 
 venire facias de novo.”
 
 The opinion clearly implied that if a new trial had been granted such action would have set aside the verdict and vacated the judgment. In
 
 Conrad v. Commercial Ins. Co.,
 
 the lower court attempted to set aside a verdict and grant a new trial more than five years after it had refused a new trial and had entered judgment non obstante veredicto for plaintiff, which the Supreme Court had reversed. In
 
 Syracuse Oil Co. v. Carothers
 
 the verdict was rendered October 23, 1867; a rule for new trial allowed March 21, 1868 was discharged by a divided court on July 3, 1868. A new trial was granted by the associate lay judges on September 5, 1868. The Supreme Court reversed on the ground that “no such motion could be made or granted so long after trial and verdict.”
 

 None of the cases cited by the appellant, with facts similar to the case at bar, supports appellant’s contention. Most of them dealt with cases where judgment had been entered by confession under a warrant of attorney, or by default for want of appearance, plea, affidavit of defense, etc. In such cases as there had been no
 
 trial and verdict,
 
 there could not be a
 
 new trial,
 
 and the defendant seeking relief from the judgment was ob
 
 *94
 
 liged to move that the judgment be (1) stricken off or (2) opened, depending on the nature of the attack made upon the judgment. If it was for some defect apparent upon the face of the record, the motion would be to strike off. If it was by way of defense on the merits, the motion would be to open. The distinction was clearly pointed out by Judge Mitchell (afterwards Chief Justice) in his
 
 “Motions and Rules in Pennsylvania”
 
 where it was pointed out that “The rule to
 
 strike off
 
 judgment is essentially a common law proceeding, a short and summary substitute for an audita querela, a writ of error
 
 coram vobis,
 
 or a certiorari or writ of error from a superior court, by which the same relief was formerly administered. Being for irregularity apparent on the face of the proceedings, it is in the nature of a demurrer to the record, and is not confined to any particular kind of judgments, nor limited as to the time it may be taken advantage of...... The rule to
 
 open
 
 judgment and let defendant into a defense is peculiar to Pennsylvania practice, and is a clear example of our system of administering equity under common law forms ...... It was ...... invented in the absence of a court of chancery, as a substitute for a bill in equity to enjoin proceedings at law.” It was discussed by us at some length in
 
 Rome Sales & Service Station v. Finch,
 
 120 Pa. Superior Ct. 402, 403-5, 183 A. 54. See also
 
 Cochran v. Eldridge,
 
 49 Pa. 365;
 
 State Camp, etc. v. Kelley,
 
 267 Pa. 49, 110 A. 339.
 

 Of the cases relied on by appellant,
 
 Horner & McCann v. Hower,
 
 39 Pa. 126, was a judgment entered by confession. The lower court
 
 summarily
 
 ordered the judgment to be
 
 satisfied
 
 and discharged of record. It was held to be error. In
 
 Reynolds v. Barnes,
 
 76 Pa. 427, judgment had been entered by default and execution issued. The court below made absolute a rule to
 
 satisfy
 
 the judgment. The Supreme Court reversed.
 
 Johnson v. Royal Ins. Co.,
 
 218 Pa. 423, 67 A. 749, was a judgment by default for want of a plea. The court below
 
 *95
 
 struck off the judgment. The Supreme Court reversed because there was no irregularity in its entry. In
 
 Broadway Nat. Bank v. Diskin,
 
 105 Pa. Superior Ct. 279, 161 A. 470, a confessed judgment, we sustained the refusal of the court below to
 
 strike of
 
 the judgment, because it was regular on its face. In
 
 Breden v. Gilliland,
 
 67 Pa. 34, 37, judgment was originally entered by default for want of an appearance. It was subsequently opened and the case submitted to a jury on May 19, 1868, resulting in a verdict for the plaintiff, on which judgment was entered September 27, 1868. On February 12, 1869,
 
 nearly five months later and after the expiration of 'the term of the judgment,
 
 the defendant moved the court to set aside the judgment and strike it from the record, and obtained a rule, which the court on March 26 made absolute, and on the same day made an order directing the prothonotary to enter judgment on the verdict, with six weeks stay of execution. This judgment was reversed by the Supreme Court
 
 (Gilliland, Exr. v. Bredin,
 
 63 Pa. 393) and a
 
 venire de novo
 
 ordered. The new trial resulted in a verdict and judgment for defendant. ' In reversing the judgment on another ground the Supreme Court said:
 

 “Had the plaintiff taken a writ of error on the order of the court of March 26, 1869, striking off the judgment of September 27, 1868, entered on the verdict of a jury, without taking any subsequent steps in the cause, there would be much reason to think that it could not be sustained as the record now stands. Opening a judgment and striking it off are two entirely different things. No court has power to strike off a judgment regular on its face. If there was a fact which ought but did not appear of record, which would render it irregular — as for example such as is alleged here, a point of law reserved at the trial — that fact should have been put upon the record by an amendment
 
 nunc pro tunc.
 
 The plaintiff, however, acquiesced in the order
 
 *96
 
 of the court, and went on to trial. It is entirely too late after this to take advantage of the error.”
 

 It will be noted that the lower court in that case had not granted a new trial, nor had it been asked to do so. Hence it is not apposite to this case. Bearing in mind that the, grant of a new trial, if the motion is made regularly and in time — that is, during the term — carries with it the setting aside of the verdict and the vacation of the judgment, there is all the difference in the world between that case and this one.
 

 The granting of a new trial operates to set aside the verdict, and with the verdict set aside, the judgment must be vacated or stricken off, because it is then without support in the record. Hence, vacating or striking off the judgment following the granting of a new trial— if the latter is moved for regularly and in time — is in strict compliance with the rule that ¡judgments can only be stricken off for defects apparent on the face of the record. When a new trial is granted within the term, the record shows that the judgment is without support and it is therefore ^properly vacated or stricken off.
 

 3. We recognize the well-established rule (see
 
 Harwood v. Bruhn,
 
 313 Pa. 337, 170 A. 144, and similar cases) that after an appeal has been taken to an appellate court, the court below has no power to proceed further with the case. But this court has authority to remit the record for the correction of formal defects, clerical errors, diminution of record, etc. The action of the court below, following the return of the record by Judge Cunningham, pursuant to the authority of this Court, was a mere formality, making plain what was already inherent and implicit in the order granting a new trial.
 

 The assignments of error are overruled.
 

 Appeal No. 146 — The order is affirmed.
 

 Appeal No. 204 — Appeal dismissed.
 

 [1]
 

 “When a court grants a new trial, the necessary effect thereof is to set aside the prior judgment and leave the case as though no trial had been held ...... By the operation of an order granting a new trial, the cause, in contemplation of law, is precisely in the same condition as if no previous trial had been held” (Maxby, J., p. 69).
 

 [2]
 

 “The order for new trial was in this form: ‘March 31, 1883, rule absolute’. Neither the verdict nor the judgment was set aside by any express words contained in the order, but both were set aside as the necessary effect of the award of a new trial. It would perhaps have been more formal, and perhaps in accord with the general practice, that the order should, in terms, have set aside both verdict and judgment, but we have no doubt whatever that the general form here pursued was equivalent to that indicated” (Clark, J., p. 48).
 

 [3]
 

 “But it is quite clear, that the order granting a new trial has the effect of vacating the former judgment and to render it null and void, and the parties are left in the same situation as if no trial had ever taken place” (Nelson, J., p. 610).
 

 [4]
 

 “And even after judgment the court may during the term at which it was entered, allow a rule for new trial nunc pro tunc and make it absolute:
 
 Lance v.
 
 Bonnell, 105 Pa. 46...... The order of the court formally entered would be ‘judgment vacated, verdict set aside and new trial granted.’ It is true the entry ‘rule absolute for new trial’ implies all-this
 
 (Lance v.
 
 Bonnell, 105 Pa. 46),
 
 but when done after the term
 
 it is much the better practice to have the record kept with full and entire formality, so as to disclose at once upon inspection, exactly what was done and why.” (Italics supplied — Mitchell, J., pp. 604, 605)
 

 [5]
 

 The reporter in the headnote used the expression “set aside”, but Chief Justice Tilghman, p. 310, said the judgment was “opened”.