Argued November 15, 1949.
Plaintiff sued in trespass for property damage to his motor vehicle and the defendant filed a counterclaim. The jury found for the defendant as to the plaintiff's action against him and also rendered a verdict for a small sum in favor of the defendant and against the plaintiff on the counterclaim.
Plaintiff moved for a new trial which was granted only as to the counterclaim, the court being of the opinion that plaintiff's motion was limited to this. Plaintiff moved for reargument and was given leave to file, nunc pro tunc, a motion for a new trial generally. This was done and after argument such new trial was granted. The defendant appeals and contends that the plaintiff's nunc pro tunc motion for a new trial (generally) was presented after the term of court in which a new trial had been ordered only as to the counterclaim.
There is a well known rule of law that the power of a court to deal with adverse judgments expires with the term in which the judgment is entered, in the absence of intrinsic fraud or clerical error. *Page 263 
But no such rule exists as to the power of the court oververdicts, — although, of course, the court's discretion may be reviewed, for the order is an appealable one. The power of the trial court to grant a new trial continues until judgment is entered on the verdict: King et al. v. Brooks et al., 72 Pa. 363, opinion by Justice SHARSWOOD; Cronrath v. Border, 27 Pa. Super. 15,17. Cf. Roman Fisher v. Hestonville, Mantuaand Fairmount Passenger Railway Company, 185 Pa. 602, 40 A. 97, and Kingsdorf v. Frank Gamburg, Inc., 147 Pa. Super. 84,24 A.2d 140. See also Standard Pennsylvania Practice, Vol. 6, page 347, § 96. The court below stated that substantial justice required the granting of a new trial. There was no abuse of discretion.
The order is affirmed.