# Lebo et al., Appellants, *v.* Reading Transit & Light Company.

*Practice, C. P.—New trial—Discretion of court—Appeal.*
The appellate court will not reverse an order of the common pleas granting a new trial where no abuse of discretion appears on the part of the lower court, and that court states that in its judgment "the ends of justice will be best served by submission of this case to a second jury."

Argued March 4, 1919. Appeal, No. 262, Jan. T., 1919, by plaintiffs, from order of C. P. Berks Co., May T., 1917, No. 89, granting a new trial in case of Franklin E. Lebo, by his next friend and father, William Lebo and Henry Schofer's Sons, Intervening plaintiffs, v. Reading Transit & Light Company. Before BROWN, C. J., FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Trespass to recover damages for personal injuries alleged to have been caused by the negligence of a motorman in charge of an electric railway car.

At the trial the jury returned a verdict for plaintiff for $8,010.46.

The court granted a new trial.

ENDLICH, P. J., filed an opinion which was in part as follows:

There remains defendant's objection founded upon the size of the verdict. It must be conceded that it is beyond what is usual and beyond what appears needful for the purposes of compensation for the plaintiff's suffering and pecuniary loss, past, present and future. A careful examination of the case, however, has led to the conclusion that this objection cannot properly, and therefore ought not to be attempted to, be remedied by the court reducing the verdict. In order to justify that there ought to be an adequate basis in the evidence for it affording a safe measure of reduction: see Stauffer v. Reading, 208 Pa. 436, 437. The evidence here does not furnish that basis and measure for a reduction, and the latter would appear as, and could hardly be other than, an arbitrary act on the part of the court. Moreover, it must not be overlooked that in an action like this a plaintiff on the question of his damages has the constitutional right to have them assessed by a jury: Bradwell v. Pittsburgh Pass. Ry. Co., 139 Pa. 404, subject to the power of the court to set aside the verdict if clearly too great or too small. We are of opinion that in this instance the ends of justice will be best served by the submission of this case to a second jury. Further discussion of it at this time with reference to the quantum of the damages is therefore inadvisable: see McKnight v. Bell, 135 Pa. 358, 373.

The rule for judgment n. o. v. is discharged and the rule for a new trial is made absolute.

Plaintiffs appealed.

*Error assigned* was order granting new trial.

*Robert Grey Bushong,* with him *H. P. Keiser,* for appellant.

*C. H. Ruhl,* for appellee.

PER CURIAM, March 24, 1919:

This appeal is from the order of the learned court below awarding a new trial. It was awarded because, in the judgment of the court, the ends of justice called for a submission of the case to a second jury. We have not been convinced that there was any abuse of discretion in making the order; on the contrary it was properly exercised, and this appeal is, therefore, dismissed.