# National Standard Clothes Company *v.* Max Golden, Appellant.

*Practice, C. P.—New trials—Awarding—Discretion of court—Appeals.*

The granting of a new trial depends upon the legal discretion of the court based upon the circumstances of the particular case. Whenever it appears with a reasonable certainty that actual and manifest injustice has been done, or that the jury have proceeded on an evident mistake, either in point of law or fact, or contrary to strong evidence, or have grossly misbehaved themselves or given extravagant damages, the court will always give an opportunity,

by a new trial, of rectifying the mistakes of a former trial and of doing complete justice between the parties.

Where an examination of the record shows that the court below was satisfied, after an examination subsequent to the trial, that the verdict of the jury was not warranted and that injustice had been done, it was not reversible error to award a new trial.

Argued October 7, 1921.   Appeal, No. 46, Oct. T., 1921, by defendant, from judgment of Municipal Court of Philadelphia, May T., 1920, No. 445, granting a new trial in the case of National Standard Clothes Company v. Max Golden.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ.   Affirmed.

Assumpsit for money had and received by the defendant for the use of the plaintiff.   Before BONNIWELL, J.

The opinion of the Superior Court states the case.

The jury rendered a verdict in favor of the defendant.   No judgment was entered thereon, and subsequently the court below on motion of plaintiff granted a new trial without assigning any reasons.   Defendant appealed.

*Error assigned* was the order of the court.

*Bertram D. Rearick,* for appellant, cited: Aber's Petition, 18 Pa. Superior Ct. 110; Leitz v. Hohman, 207 Pa. 290; Mix v. North American Co., 209 Pa. 636; Dougherty v. Andrews, 202 Pa. 633; Osterling v. Congregation, 269 Pa. 71; Vilsack v. Wilson, 269 Pa. 77; Danboro & P. T. Road Co. v. Bucks Co., 258 Pa. 391.

*Benjamin Sork,* for appellee, cited: Osterling v. Third United Presbyterian Congregation, 269 Pa. 71; Lebo et al. v. Reading Transit and Light Co., 264 Pa. 270; Brasington v. McManus, 74 Pa. Superior Ct. 127; Kardon v. Forst, 70 Pa. Superior Ct. 565; Lawver v. Anderson, 72 Pa. Superior Ct. 337; Rabinowitz v. Earl G. and M.

Co., 70 Pa. Superior Ct. 545; Cleveland Worsted Mills v. Myers-Jolesch Co., Inc., 266 Pa. 309.

OPINION BY ORLADY, P. J., November 21, 1921:

In an action of assumpsit after a trial by jury a verdict was returned for the defendant and before judgment was entered thereon the plaintiff filed a motion for judgment non obstante veredicto alleging certain trial errors in the admission of oral testimony, and with that motion, one for a new trial for the reason that the verdict was contrary to law and the undisputed evidence in the case. The trial court dismissed the motion for judgment non obstante veredicto and granted a new trial, from which order the defendant brings this appeal. It is urged that no exceptions were taken to the court's ruling on the admissibility of the evidence nor to the charge of the court. It must be borne in mind that before a judgment is entered the record is peculiarly within the control of the court and for a manifest error committed in the trial, the court has the unquestioned power to correct such errors either by motion of counsel or of its own direction by granting a new trial. The same authority obtains for manifest misconduct of the jury or the rendering of a verdict which is perverse, the object being to prevent injustice and, after examining the whole record in this case, we are not convinced that there was any abuse of discretion in making the order. On the contrary, it was properly exercised and the appeal is, therefore, dismissed. The court may not strike off or vacate a judgment regular on its face, but it may open a judgment to give parties a hearing on trial: King v. Brooks, 72 Pa. 363. "The remedy for wrongful verdicts by new trial was established in England before the foundation of Pennsylvania. It was, therefore, part of the common law which the colonists brought with them and has always been exercised here: Kalbach v. Fisher, 1 Rawle 323," is the statement made by Justice MITCHELL in Fisher v. Ry. Co., 185 Pa. 602, and has been the recog-

nized practice in this State for many years. The granting of new trials depends upon the legal discretion of the court grounded on the circumstances of the particular case and whenever it appears with a reasonable certainty that actual and manifest injustice is done or that the jury have proceeded on an evident mistake either in point of law or fact, or contradictory to strong evidence, or have grossly misbehaved themselves or given extraordinary damages, the court will always give an opportunity by a new trial of rectifying the mistakes of a former trial and of doing complete justice between the parties. This is the language of Judge SHIPPEN in Cowperthwaite v. Jones, 2 Dallas 55, and has been recognized as the rule in such cases from that early date. In Lebo v. Reading Transit & Light Co., 264 Pa. 270, it was held that where the court below awarded a new trial, because in its judgment the ends of justice called for a submission of the case to a second jury, the appellate court would not reverse until convinced that there was an abuse of discretion in making the order. Further authority is furnished for the action of the court in National Bank v. Fidelity Title & Trust Co., 251 Pa. 536; Danboro Road Co. v. Bucks County, 258 Pa. 391. An examination of the record shows that the court below, being satisfied after an examination subsequent to the trial, that the verdict of the jury was not warranted and that injustice had been done, to correct which a new trial was necessary did not commit any reversible error.

The order of the court below is affirmed.