Pearson, Appellant, *v.* A. W. Funk & Company, Inc.

Argued April 24, 1934. Before FRAZER, C. J., SIMP-
SON, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Richard K. Stevens,* of *Stradley, Ronon, Stevens &
Denby,* for appellant.

*Henry A. Frye* and *George A. Purring,* for appellee,
were not heard.

PER CURIAM, May 21, 1934:

Defendant entered into a contract with the Pottstown
Borough School District for erection of a junior high
school building for the sum of $268,714. Plaintiff
claimed he was employed by defendant as consulting en-
gineer on the building at a compensation of 2% of the
contract price. Defendant denied the employment. A

verdict was rendered for plaintiff. Subsequently the lower court refused a motion for judgment for defendant n. o. v., but granted a new trial, stating in its opinion: "Plaintiff's right to recovery rests entirely on his own testimony. The trial judge was convinced that this testimony was false. A reading of the record confirms this opinion formed at the time of the trial. For this reason, we believe that in the interest of justice a new trial should be granted. This is the only reason for our so doing."

The trial judge having seen the witnesses and heard them testify, and being of opinion the ends of justice would be served by granting a new trial, we cannot say the order was an abuse of discretion: Lebo v. Reading Transit Co., 264 Pa. 270. "Where a verdict rests largely upon a single witness whose testimony is strongly contradicted by that of other witnesses, and discredited by his own prior inconsistent statements, the proper remedy is a new trial": Thomas v. P. R. R. Co., 275 Pa. 579, 583-4.

Appeal dismissed at cost of appellant.