## Collins v. Pennsylvania Indemnity Corp.

*Fred T. Jarrett*, for plaintiff.
*Brockway, Whitla & McKay*, for defendant.

ROWLEY, P. J., February 5, 1940.—This matter is before the court upon preliminary objections to a bill in equity.

The bill avers that plaintiff recovered a judgment against one Samuel E. Lamey for injuries sustained by the negligent operation of an automobile by the latter; that said Lamey was an employe of R. B. McDanel Company, the owner of the automobile, and that at the time of the injuries Lamey was operating the automobile with the permission and consent of his employer; that defendant insured the owner of the automobile, operated as aforesaid; that the policy issued by defendant company defined the "insured" to include any person "using the automobile with the permission of the named insured."

It appears that plaintiff's verdict was rendered February 13, 1935, but that judgment was not entered thereon until May 5, 1938.

The bill prays that the insurer be ordered to pay the judgment entered as aforesaid.

Defendant filed preliminary objections to the bill as follows:

1. Plaintiff has a full, complete, and adequate remedy at law.

2. Equity is without jurisdiction.

3. (Cured by amendment).

4. The action was not instituted within two years.

1. Defendant contends that Ferguson v. Manufacturers' Cas. Ins. Co. of Phila., 129 Pa. Superior Ct. 276, relegates the instant plaintiff to an attachment execution naming the insurer as garnishee. The court there denied claimant's right to proceed directly against the insurer for the reason that neither the policy nor any statute in force when the cause of action arose conferred any such right. But that decision held (p. 279):

"Irrespective of any such statute [Act of May 24, 1933, P. L. 987], where the policy itself permits suit, under certain circumstances, the injured creditor may be con-

sidered a third party beneficiary entitled to maintain the action."

The instant policy contains the provisions prescribed by the act cited above.

It will be conceded that the procedure usually adopted is attachment execution, naming the insurer as garnishee; however, we have found no decision upon the precise point. In Malley v. American Indemnity Co., 297 Pa. 216, the court said (p. 223) :

"Consequently, in such cases, after recovery of a judgment against the insured, the party injured may have a remedy against the company by garnishee process or by resort to a suit in equity . . ."

The particular language, and the circumstances under which it was used, does not warrant us in adopting the above quotation as the declaration of a rule of procedure; nevertheless, we are not prepared to hold that the instant plaintiff may not proceed directly against the insurer.

2. Defendant's second objection is that equity is without jurisdiction, there being an adequate remedy at law.

In order to oust the jurisdiction of equity there must not only be a legal remedy but that remedy must be adequate and complete: Peoples-Pittsburgh Trust Co. v. Saupp, 320 Pa. 138. The mere fact that a remedy at law exists is not sufficient to oust equitable jurisdiction; the question is whether the remedy is adequate or complete; and a bill may be sustained solely on the ground that it furnishes the most convenient remedy. " 'Although an action of assumpsit might have been brought . . . yet relief in a clear subject of equity jurisdiction is not barred by the existence of a remedy at law even if . . . that remedy could be considered adequate' ": Edison Illuminating Co. v. Eastern Pennsylvania Power Co., 253 Pa. 457; York Rys. Co. v. Driscoll et al., 331 Pa. 193.

" 'It must not be forgotten that in the increasing complexities of modern business relations equitable remedies have necessarily and steadily been expanded, and no inflexible rule has been permitted to circumscribe them.

. . . Equity has followed true principle of contriving its remedies so that they shall correspond both to the primary right of the injured party, and to the wrong by which that right has been violated. It has, therefore, never placed any limits to the remedies which it can grant, either with respect to their substance, their form, or their extent; but has always preserved the elements of flexibility and expansiveness, so that new ones may be invented, or old ones modified, in order to meet the requirements of every case, and to satisfy the needs of a progressive social condition, in which new primary rights and duties are constantly arising, and new kinds of wrongs are constantly committed. . . . Equitable jurisdiction does not depend on the want of a common law remedy, for whilst there may be such a remedy, it may be inadequate to meet all the requirements of a given case, or to effect complete justice between the contending parties, hence the exercise of chancery powers *must often depend on the sound discretion of the court'* ": Peoples-Pittsburgh Trust v. Saupp, supra. (Italics supplied.)

We are of the opinion that we would not be warranted by an inspection of the bill in concluding that plaintiff has a plain, full, complete, and adequate remedy at law.

4. The policy of insurance contains this clause:

"No suit or action at law or in equity to recover any loss or expense hereunder shall be sustainable unless brought within two years after such loss occurs."

Plaintiff's verdict was rendered February 13, 1935. The instant proceeding was begun August 24, 1939. Defendant contends that plaintiff's right, if any, against the insured, must have been asserted within two years of the date of the verdict.

The judgment was entered May 5, 1938. Whatever may be said as to the effect of the above-quoted clause upon the right of the insured to recover any loss or expense, we are of the opinion that plaintiff's right, if any, to call upon the insurer to pay did not arise until his claim had been reduced to judgment.

"Until judgment the verdict is under control of the court by virtue of its common-law powers, as the judge is an essential constituent of the tribunal for jury trial, and may refuse judgment and set aside the verdict for any reason which appeals to his judicial discretion. It is not necessary that his reason should appear of record, though it is the better practice that it should": Fisher v. Hestonville, etc., Ry. Co., 185 Pa. 602, 604; National Standard Clothes Co. v. Golden, 77 Pa. Superior Ct. 479.

### Order

And now, February 5, 1940, this matter came on for argument upon preliminary objections to the bill, whereupon, after due consideration, it is ordered, adjudged, and decreed that the preliminary objections be dismissed, and that defendant answer upon the merits.