**MORGAN ELECTRIC CO., Inc. v. NEILL.**

No. 12926.

United States Court of Appeals
Ninth Circuit.

July 9, 1952.

Collins & Clasby, Charles J. Clasby, Fairbanks, Alaska, Eggerman, Rosling & Williams, Seattle, Wash., DeWitt Williams, Seattle, Wash., William A. Helsell, Seattle, Wash., for appellant.

Taylor & Boggess, William V. Boggess, Warren A. Taylor, Fairbanks, Alaska, for appellee.

Before HEALY, BONE and POPE, Circuit Judges.

BONE, Circuit Judge.

This is an appeal from a judgment entered in favor of the plaintiff (appellee) upon a jury verdict in an action to recover damages for an alleged breach of a

contract of employment. Prior to his discharge by appellant, appellee was employed as the superintendent on an electrical subcontracting job to be performed by appellant near Fairbanks, Alaska.

The facts, which are undisputed in their material aspects, are as follows:

Appellee (called Neill) is a superintendent of electrical work and the appellant corporation (called Morgan) is engaged in the business of electrical contracting. Prior to the execution of the contract of employment here involved, appellant had been the successful bidder on two electrical sub-contracts to be performed at Ladd Field, near Fairbanks, Alaska. After negotiations during the month of May, 1949, and continuing into early June of the same year, which negotiations were conducted by mail, telegram, and by oral discussion, appellant and appellee entered into a contract of employment under which appellee was to act as superintendent in charge of appellant's operations under the aforementioned two sub-contracts. The final agreement between the parties was formulated in a letter, dated June 1, 1949, setting forth some of the terms of the agreement between the parties. A copy thereof, marked Exhibit "A" in the trial court, is set out below.[1]

Appellee commenced work on June 6, 1949. On June 25, 1949, while returning from a visit to the home of a friend and a project of appellant, appellee had an accident with appellant's truck and suffered a broken leg. Appellee did not return to his job at any time following his injury, although he testified that it was not so serious as to require him to remain in bed. Shortly before July 10th, Neill was discharged from his employment and was later given, at his own request, a letter explaining in writing that the reason for appellee's discharge was his "failure to carry out the necessary functions of the position you accepted."

Appellant specifies as error the rulings of the trial court in sustaining appellee's motion to strike the second defense in the original answer, and in sustaining appellee's motion to strike the third and fourth defenses in appellant's amended answer.[2] All of the stricken allegations pertained

1. "Mr. Henry Neill
"Morgan Electric Company
"P.O. Box 889
"Fairbanks, Alaska

"The following will serve as a letter of acknowledgment to establish the basis of your employment:

"You will receive a weekly salary of $192.31 during your period of employment.

"In addition to your weekly salary, and following the completion of the job, you will be paid a bonus based on the actual labor cost deducted from the estimated labor. The bonus paid to you will be computed on the basis of one-half of the labor savings.

"Kindly sign and return one of the copies of this letter as your acknowledgment.

"/S/ Henry H. Neill
"Yours truly,
"Morgan Electric Company,
"/S/ Walter V. Anderson
"Walter V. Anderson.
"June 1, 1949."

2. The allegations in the stricken Second Defense of appellant's original answer to which appellee's motion to strike was directed, and about which argument on this appeal centers, reads (insofar as pertinent) as follows:
"Second Defense
*    *    *    *    *    *
II.
"That the defendant paid the plaintiff in full for services rendered up to or about July 10, 1949, at which time the plaintiff was discharged, a copy of the instrument confirmatory of the discharge being annexed as Exhibit 'B'. That the plaintiff was discharged for just and valid reasons in that he did not render nor furnish weekly reports to the defendant's office in Seattle; did not obtain material for the job; used a motor vehicle of the defendant's without the consent or authority of the defendant; negligently damaged a motor vehicle of the defendant when the plaintiff was using it on his own personal business and has not compensated defendant for the loss; negligently broke his leg so that his ability to perform his duties was materially reduced."

The allegations in the stricken Third and Fourth Defenses of appellant's amended answer which are pertinent to the argument here are:
"Third Defense
*    *    *    *    *    *

to certain acts of negligence and disobedience on the part of Neill which appellant urged as justification for Neill's discharge.

Although the record does not indicate the grounds upon which the trial court granted the motions to strike, appellant, in its brief, states that the "* * * trial court's ruling * * * was predicated upon the erroneous conclusion that it was necessary that appellant allege an undertaking by the appellee to do those things which it was alleged he had failed to do, before such failure would constitute a defense to his action." The record shows that thereupon appellant filed an amended answer wherein it was specifically alleged that appellee had failed to follow the oral instructions of appellant in each of the derelictions of duty upon which appellant relied. The trial court again granted appellant's motion to strike, deleting from appellant's amended answer the third and fourth defenses (see Footnote 2). Here again, the record is silent as to the reasons for granting appellee's motions, but appellant's brief points out that "* * * the trial court stated that it felt that the burden was on appellant to allege that appellee had *expressly agreed* to follow appellant's instructions to do those things which appellant alleged he had failed to

do, before such failure could constitute a defense to his action."

Appellee is quick to point out that there is nothing in the record to support these allegations, but a comparison of the original answer and the amended answer with the second amended answer (which was finally approved by the trial court) makes it evident that the appellant's explanation of the trial court's reasons is correct. In other words, only when appellant alleged express promises on the part of appellee to do those things which appellant contends he thereafter failed to do, was appellant's second amended pleading permitted to stand.

■ We agree with appellant that the effect of these rulings was to place on appellant the burden of proving not only that appellee had failed to follow appellant's instructions, but of further proving that Neill had "expressly agreed" to follow these instructions as part of his contract of employment. The theory behind such a ruling is unrealistic and without substance in law. It overlooks the universally recognized law of implied promises. It is aptly summarized in 24 L.R.A.,N.S., 814:

"The duty of a servant to comply with all lawful and reasonable orders

IV.

"That defendant discharged plaintiff because of his failure to perform the acts and things by him to be performed, which incompetency and inefficiency consisted of the following omissions, i. e.:

"(a) Failed to confer with or contact Benson-Montain and Kiewit-Morrison-Knudsen Superintendent and representatives on each working day, as plaintiff was orally instructed to do;

"(b) Failed to recheck the list of estimated material requirements, as plaintiff was orally instructed to do;

"(c) Failed to purchase material for aforesaid jobs even though plaintiff had been specifically requested to purchase necessary material and had been furnished blueprints, plans and specifications for the job containing list of estimated material requirements;

"(d) Failed to forward weekly progress reports to defendant at Seattle, even though plaintiff was orally instructed so to do;

"(e) Failed to borrow, rent or purchase or arrange for loan, rental or purchase of necessary tools even though plaintiff had orally been instructed so to do and had been furnished a list of estimated tool requirements.

V.

"That by reason of the aforesaid omissions the defendant was damaged in that it was unable to commence performance of the sub-contracts as had reasonably been anticipated and the said omissions constituted a breach of the implied warranty by plaintiff that he was competent to perform the numerous duties of his supervisory position and did further constitute failure to perform acts he had been instructed to perform and defendant thereby had valid grounds for discharge."

The Fourth Defense merely incorporates all the matters set forth in the Third Defense, adding a counter-claim thereto.

given by his master with respect to the performance of such functions as fall within the scope of the employment is one of those fundamental obligations which are deemed to be impliedly undertaken as an incident of every contract of hiring."

If it be true, as the stricken matter alleges, that Neill failed to follow instructions as therein particularly specified, then the rulings of the trial court in granting appellee's motions to strike imposed upon appellant an added burden of proof which the law does not impose.

■ Appellee contends, however, that any error committed by the trial court in striking appellant's defenses, has been waived by appellant's failure to assign those rulings as error in its motion for a new trial, under the provisions of A.C.L.A. 1949, § 55–7–132. The Alaska statutory authority cited by appellee is, of course, inapplicable, since the Federal Rules of Civil Procedure are here controlling. The court had granted the motions to strike over the protest of appellant. Its objections were voiced in the argument on the motions and reference thereto appears in the record. See Rule 46, Fed.Rules Civ.Proc., 28 U.S. C.A. Rule 59 dealing with motions for a new trial does not add force to appellee's contention.

■ On a motion for a new trial the losing party should not be compelled (as the price of maintaining his objections to court rulings on a later appeal) to again present all of his previous objections to motions to strike his pleadings. The previous orders of the court, if legally objectionable, may be reviewed on appeal if properly presented. They are covered in appellant's specification of errors and in its points to be relied upon on appeal. The rulings complained of deprived appellant of an important element in its defense and this deprivation is reviewable in this court. We regard it as prejudicial error.

Appellant urges that the contract of employment is unenforceable under the provisions of the Alaska Statute of Frauds, A.C.L. 58–2–2, pertaining to an "agreement that by its terms is not to be performed within a year from the making thereof". To support its theory that the instant contract falls within the quoted provisions of that statute, appellant refers to appellee's supplemental complaint, where, surprisingly, appellee himself states that "said contract would require more than one (1) year to perform."

■ Even if appellant's contention in this regard be a valid one, as an original proposition, (which we do not here decide) it is not properly before this court on this appeal. Rule 8(c) of the Federal Rules of Civil Procedure enumerates certain matters that a party must plead affirmatively, among which matters is the defense of the Statute of Frauds. Failure to plead this defense results in waiver of it under Rule 12(b), (h). Oedekerk v. Muncie Gear Works, Inc., 7 Cir., 179 F.2d 821. Since appellant did not plead the statute affirmatively or raise it as a defense in its points to be relied upon on appeal, we do not consider it here.

■ Because the matter may again arise in subsequent proceedings in this case, we examine briefly Instructions 2(a) and 2(b), the giving of which appellant specifies as error. There, in instructing the jury on the obligation of an employee to perform the expressed reasonable orders of his employer, the court conditioned such instruction on the "absence of a contrary provision in the contract of hiring." It is this last clause, in substance, against which appellant's attack is directed. The particular argument is that since there was no evidence, whatsoever, of any "contrary provision" in the contract of hiring, the instruction was not applicable to the issues and serves only to confuse or mislead the jury. We feel obliged to share appellant's view in this regard; such an instruction serves no worthwhile purpose and it was error to present it to the jury.

It is unnecessary to consider other errors assigned by appellant, inasmuch as we have previously pointed out errors which necessitate a new trial. The cause is remanded for further proceedings in conformance with the views herein expressed.