**William J. BELL**

v.

**Alexander MYKYTIUK.**

**No. 18152.**

United States District Court
E. D. Pennsylvania.

Jan. 4, 1957.

Leonard Turner, Philadelphia, Pa., for plaintiff.

John J. McDevitt, 3rd, Philadelphia, Pa., for defendant.

KRAFT, District Judge.

In this negligence action, in which jurisdiction was founded on diversity, the jury found both plaintiff and defendant negligent and returned verdicts for the defendant in the plaintiff's suit and for the plaintiff as defendant in the counterclaim. Judgments were so entered on August 3, 1956.

Now before the court is plaintiff's motion for new trial, filed August 11, 1956. This motion, which purported to reserve the right to file additional reasons later, cited but four reasons, to wit: that the verdict was against the (1) evidence, (2) weight of the evidence, (3) law, (4) charge of the court.

The collision between the litigants' vehicles occurred July 3, 1954 at Oxford Circle, Philadelphia. The plaintiff, his wife and Park Guard Capriotti appeared as plaintiff's witnesses and described the collision. The defendant did not testify and called no witnesses to describe the event, though he and his passengers were present during the trial.

Plaintiff, corroborated by his wife, testified that he entered Oxford Circle, a traffic rotary, at 18–20 m. p. h. in the extreme right lane of three lanes, that he did not see defendant's car until it struck the left rear fender of plaintiff's vehicle which then turned and finally came to a stop headed in the opposite direction; and that plaintiff had not turned into any other lane or overtaken defendant's car.

. Officer Capriotti, then called as plaintiff's witness, testified that he saw both cars enter the circle at 25–30 m. p. h; that plaintiff was in the middle lane and defendant to his left and slightly behind. According to the official report filed by Capriotti defendant's "right front bumper hit left rear fender of Car 1 (plaintiff) and turned him around to face the other way." The report also stated: "Veh. 1 (plaintiff) making left turn. Veh. 2 (defendant) making left turn following too closely."

On cross-examination, Capriotti identified a four page statement he had signed and given to defendant's representative. After perusing it on the witness stand, he agreed that the version therein was his best recollection of what had occurred. This statement, given about four months after the collision, in pertinent part provided:

"* * .* I saw Car #1 turn to the right to proceed the counterclockwise motion around Oxford Circle. Car #1 pulled to the center lane of traffic in the Circle. Car #2 pulled to the inside of Car #1 between the Oxford Circle (center grass plot) and Car #2. The rear bumper of Car #1 was about even with the front bumper of Car #2 when Car #1 pulled to the (Q.C.C. left) in front of Car #2. The left rear fender and bumper areas of Car #1 struck the right front fender of Car #2. The impact spun the #1 Car around so that it came to rest in front of Car #2, the right rear of Car #1 against the front of Car #2."

Plaintiff's failure to argue or press his first, third and fourth reasons must be construed as recognition of their lack of merit and as an abandonment. However, plaintiff adheres to his second

reason and vigorously urges that that verdict was against the weight of the evidence. With the various authorities he cites, there is no disagreement. Under Pennsylvania law, it is clear that it is the jury's province generally to decide the credibility to be given parol testimony, subject to the salutary power of the court to award a new trial if the verdict is deemed contrary to the weight of the evidence. In Elia v. Olszewski, 368 Pa. 578, at page 579, 84 A.2d 188, at page 189, the Supreme Court of that state further said:

"* * * where, * * * there is no conflicting evidence and especially where no evidence at all is produced by the party in whose favor judgment is rendered, the trial judge should not permit a capricious verdict to stand against uncontradicted testimony of credible witnesses whose veracity there is no apparent reason to doubt, unless such testimony is in itself inherently incredible or contradictory."

In Pennsylvania, it is also settled that when a verdict rests largely upon the testimony of a single witness which is strongly contradicted by that of other witnesses, and discredited by his own prior inconsistent statements, the proper remedy is a new trial: Pearson v. A. W. Funk & Co., Inc., 315 Pa. 402, 172 A. 674; Cuteri v. West Penn. Rys., 305 Pa. 347, 157 A. 686; Thomas v. Pennsylvania R. Co., 275 Pa. 579, 119 A. 717.

The question here is not the correctness but the application of these principles. This jury could have properly decided that there was no irreconcilable conflict between Capriotti's official report and his subsequent statement to defendant's representative. It is an incontrovertible physical fact that two vehicles in parallel traffic lanes, a fact as to which there is no dispute, could not collide unless one or both of them changed direction. Capriotti's signed statement was in much greater detail than his brief official report, and it was only in the former that he stated that plaintiff pulled to the left. There is a superficial inconsistency between the two as to which car hit the other. If the jury believed that plaintiff cut into defendant's lane, it is purely a matter of semantics to argue whether the right front of defendant's car hit the left rear of plaintiff's or vice versa.

Even were the report and statement regarded as inconsistent as to who hit whom, still the verdict is not necessarily against the weight of the evidence. The jury would have been warranted in believing those statements which contradicted plaintiff's testimony as to his speed and lane of travel and in concluding that, under the circumstances, plaintiff was negligent in pulling left and defendant negligent in following too closely. Capriotti was the only apparently disinterested witness. That status, plus his position as Park Guard, may have persuaded the jury of his candor and credibility.

The plaintiff's testimony, descriptive of the collision, standing alone, appeared credible. However, his testimony relating to his injuries, physical condition, loss of work, etc. may have caused the jury gravely to doubt his complete truthfulness. A very brief reference to certain facets of this testimony will suffice to give its general trend. The claim was for total disability due to an alleged back injury. Testimony was produced to show treatment for a back condition prior to the accident, a very serious accident and injury subsequent to the one in suit, and loss of work due to a general layoff. If the jury disbelieved and discredited this portion of plaintiff's material testimony, it might well have given little credence to the testimony of the same interested witness, descriptive of the collision. Such denial of credence, coupled with acceptance of the description of the collision in Capriotti's statement and the conclusion that the latter's testimony presented no irreconcilable conflict, was sufficient to enable the jury to reach a verdict that was neither capricious nor ill-considered.

Plaintiff relies on Blake v. Marinelli, 357 Pa. 314, 53 A.2d 550, wherein a new

trial was granted. One important, controlling difference appeared in that case. There, a witness gave to the plaintiff before trial a signed statement that he had not witnessed the accident. At trial he gave testimony damaging to plaintiff's case. After trial, he signed an affidavit admitting his perjury. Of this the court said, 357 Pa. at page 316, 53 A.2d at page 552:

"'It therefore appears that the testimony of this witness was not credible. No jury should be allowed to measure his credibility without knowing all of the facts surrounding his numerous contradictions and conflicting statements. * * *

"'The fact, as contended by defendant, that the plaintiffs, in calling Scholton, were presumed to attest his veracity does not alter our present situation. They called him upon the false premise that he would testify according to the statement given them shortly after the accident. Not knowing that he would perjure himself, they are not now barred from basing their grounds for a new trial upon his false testimony. * * *.'"

The plaintiff fails utterly to bring this case within the rule of Blake v. Marinelli. Plaintiff's counsel now refers to a conversation purportedly had with Capriotti the day before the trial, contending Capriotti then said he gave no statement to any representative of defendant.

This alleged incident is not assigned as a reason for new trial, nor is it properly of record by affidavit, or otherwise, and will not be considered.

On October 22, 1956 plaintiff filed his fifth and sixth reasons in support of the new trial motion. These reasons related to an alleged error in and an alleged omission from the charge to the jury. No request for instructions of any kind was submitted by plaintiff's counsel at the trial. At the conclusion of the charge to the jury, the court specifically invited plaintiff's counsel to suggest corrections and to take exceptions. When the opportunity was thus afforded neither correction, request, suggestion nor exception was forthcoming.

■ While the court would hold, as counsel's significant silence implied, that the charge was free from any substantial error, it does hold that it is presently without authority to pass upon the plaintiff's fifth and sixth reasons which, eighty days after judgment, were untimely filed and served in disregard of the mandate of Rule 59, Fed.Rules Civ. Proc. 28 U.S.C. Fine v. Paramount Pictures, 7 Cir., 1950, 181 F.2d 300; Francis v. Southern Pacific Co., 10 Cir., 1947, 162 F.2d 813;[1] Freid v. McGrath, 76 U. S.App.D.C. 388, 133 F.2d 350; Marks v. Philadelphia Wholesale Drug Co., D. C., 125 F.Supp. 369.[2] Accordingly the Court enters the following

### Order

Now, Jan. 4, 1957, plaintiff's motion for new trial is denied.

---

[1]. Affirmed 333 U.S. 445, 68 S.Ct. 611, 92 L.Ed. 798.

[2]. Affirmed 3 Cir., 1955, 222 F.2d 545.