Dorothy NEAL et al., Plaintiff,

v.

MATANUSKA VALLEY LINES, Inc., a
corporation, et al., Defendant.

No. A-8214.

District Court, Alaska,
Third Division, Anchorage.

Sept. 30, 1958.

Wendell P. Kay, Anchorage, Alaska,
for plaintiff.

Davis, Hughes & Thorsness and Hel-
lenthal & Cottis, Anchorage, Alaska, for
defendants.

McCARREY, District Judge.

This segment of the case comes before
this court upon remand of the Ninth
Circuit Court of Appeals, 255 F.2d 632,
637, to determine:

"* * * whether there was or
was not any increase in the damages
allowed to plaintiff Dorothy Neal by
the jury beyond those to which she
was entitled in view of the testi-
mony at the trial."

The court then goes on to state, in connection with this remand, as follows:

"We believe that the local trial judge is in a position to review the record and take such other evidence and testimony as he may choose and, if he find said damages to be excessive, to require plaintiff Dorothy Neal to file a remittitur to allow her to retain the award to an adequate but not excessive amount, and, in the event she will not file such a remittitur if given the opportunity to do so by the trial court, then to grant a new trial. The judgment in the other respects is affirmed. The judgment as it pertains to Dorothy Neal is affirmed subject to the conditions above announced."

A review of this entire case is not necessary for a determination of the matter pending before this court. Suffice it to say that the plaintiff Dorothy Neal, and others, were seriously injured in a bus accident on the 20th day of November 1951, and that initially the Circuit Court of Appeals disapproved an instruction given by the original trial court concerning the subject of damages. The jury awarded the plaintiff Dorothy Neal the sum of $75,000. The instruction in question pertained to the plaintiff Dorothy Neal only. However, the court, in its opinion, found that:

"It is to be noted, however, that the question of liability is not affected."

The court then went on to state:

"In view of the fact, however, that Dorothy Neal is entitled to retain her judgment on the basis of the proven liability of Matanuska, and since it is obvious that she was entitled to a considerable amount of damages which have already been awarded, this Court is of the opinion that a new trial should not be ordered and that the judgment should not be reversed."

In conformance with the direction of the higher court, this court has considered the entire original record which re-lated to all elements of damages suffered and sustained by the plaintiff Dorothy Neal but has not considered any other aspect of the original record for the reason that the appellate court sustained the trial court in every other aspect of the case. (Supra.) I have also heard the testimony of the plaintiff and other witnesses, including experts called by the respective parties.

Now to the sole question as to whether the award of damages by the jury in the original trial was excessive. (Supra.)

At the time of the accident, the plaintiff was a female person 24 years of age and was some two to three months pregnant. The evidence discloses that the plaintiff enjoyed reasonably good health and, at the time of the accident, was employed as a housekeeper in one of the local hotels where she had been employed for a period of months earning approximately $50 per week.

The plaintiff sustained serious and numerous injuries at the time of the accident, among which are the following:

1. Broken femur of the left leg.

2. An aseptic necrosis of the head of the left femur in which the head of the left femur had absorbed rather than held so that she was left with an incomplete left hip joint.

3. A broken ulna on the right arm.

4. Multiple contusions, abrasions and lacerations.

As a result of the accident, the plaintiff Dorothy Neal was in the hospital from November 20, 1951, until March 26, 1952, being bedridden a good portion of the time. On the date she left the hospital, she was on crutches which she had to use thereafter for approximately eight months. While in the hospital, she was seized with an attack of sugar diabetes. After her release from the hospital, a child was born on June 20, 1952, which had to be sent to her relatives in the States to be cared for since the plaintiff was stricken with tuberculosis necessitating her going to a sanatorium on August 17, 1952, where she remained until August 28, 1954.

The plaintiff now walks with the aid of a cane; is unable to dance at all; must wear flat heels; suffers daily painful attacks caused, in part, by the prosthetic device which she has in her hip, and by a healed break in the same leg. She is unable to pursue the type of employment she was equipped to perform before the accident, and, in fact, is unable to do her own ironing and is otherwise limited in the pursuit of her household activities as the result of this accident.

The experts testified that the pain and suffering will continue indefinitely, and they can only give an informed guess as to the extent of the future pain and suffering. However, until Mrs. Neal has a hip-fusion operation, the pain in her hip will continue. The fusion of the hip is not recommended until the prosthetic device completely fails, which fact is a reasonable certainty based upon limited statistics in this field.

■■ Though the matter before the court is now governed by the Federal Rules of Civil Procedure, rule 59, 28 U.S.C.A., rather than Sec. 55–7–132 A.C. L.A.1949, Morgan Electric Co., Inc. v. Neill, 9 Cir., 1952, 13 Alaska 717, 198 F.2d 119, the standard set in a case under Sec. 55–7–132 still governs. Linge's Adm'r v. Alaska Treadwell Co., 1906, 3 Alaska 9, holds that if the verdict is excessive, the power to disturb it rests in the discretion of the court, but this discretion does not supplant that of the jury. It is also a well-established general principle of law throughout the courts of the United States that a court will not set aside the finding of a jury unless their verdict is clearly excessive and not supported in fact in the record. If there is sufficient evidence to support the jury's verdict, the discretion of the court ceases. Garrison v. United States, 4 Cir., 1932, 62 F.2d 41; Berry v. United States, 1941, 312 U.S. 450, 61 S.Ct. 637, 85 L.Ed. 945.

■■■ There are two courses open to the court if the jury's verdict in the instant case is excessive:

1. To apply remittitur. This can only be done with the consent of the prevailing party, in this case Dorothy Neal. Cyclopedia of Federal Procedure, Sec. 32.07.

2. To grant a motion for new trial if the prevailing party does not agree to remittitur.

However, before the court reaches either of the above questions, it must decide, no matter what test the jury used, if the verdict was excessive.

■ The case of Eller v. Crowell, Mo. 1951, 238 S.W.2d 310, 316 sets the basic standard for excessive damages in a personal injury case.

"In determining this question it is usual to consider the nature and extent of appellant's injuries and losses, his diminished earning capacity, give some consideration to economic conditions and compare the award with awards approved in comparable cases. There is no exact formula."

Two cases with similar fact situations, where the verdict was not excessive, are as follows:

1. Hilleary v. Earle Restaurant, Inc., D.C.1952, 109 F.Supp. 829. In this case, a woman of 85, in extremely good health, fell on defendant's steps and broke her hip. The defendant was adjudged negligent and plaintiff was awarded $22,000. Plaintiff suffered continual dull pain and swelling of the leg three years after the injury at age 88, and experts testified it would get no better. Where plaintiff could do light housework before her injury, now she could do no work at all.

2. Lewis v. W. T. Grant Co., D.C.1955, 129 F.Supp. 805. In this case, a 63 year old woman suffered an extremely painful hip fracture which, however, left her with no permanent disability. The jury awarded plaintiff $17,172, and the court said it was in no way excessive.

In both the above cases, the verdicts upheld were greater than the instant verdict, taking into account comparative injury and life expectancy.

■ In the present case, it was shown that Mrs. Neal was earning approximately $2,500 per year at the date of her injury when she was 24 years of age. The New York Life Insurance Co., using the Standard Commissioners Mortality Table (1941), will issue an annuity to pay $2,500 for life to a woman age 25 for the present cost of $76,765. Thus, on loss of income alone, as Mrs. Neal is precluded by permanent injury from doing her former work (and, in fact, from doing all but the lightest of household tasks), her recovery could be sustained. However, as Mrs. Neal also suffered costly medical bills, aggravated pulmonary tuberculosis, deprivation of the right to see her first-born child for three years, and continuous pain and suffering to date, with the prognosis of its continuance indefinitely, the verdict can in no way be deemed excessive on the facts.

I, therefore, find that the damages awarded by the jury were not excessive.

Counsel for the plaintiff is hereby directed to submit findings of fact, conclusions of law, and a judgment in conformance with this finding, within ten days, for the court's signature.