**Robert BREST, Administrator of the Estate of Vincent Griscavage, Deceased, Plaintiff**

**v.**

**PHILADELPHIA TRANSPORTATION COMPANY, Defendant and Third-Party Plaintiff**

**and**

**Lemuel B. Gallagher, Third-Party Defendant.**

**Coleman F. MILLER, Administrator of the Estate of William Heffernan, Deceased, Plaintiff**

**v.**

**PHILADELPHIA TRANSPORTATION COMPANY, Defendant and Third-Party Plaintiff**

**and**

**Lemuel B. Gallagher, Third-Party Defendant.**

**Civ. A. Nos. 21215, 21503.**

United States District Court
E. D. Pennsylvania.

May 13, 1959.

Robert M. Bernstein, Philadelphia, Pa., for plaintiff.

Francis H. De Lone, Philadelphia, Pa., for defendant and third-party plaintiff.

Harry F. Brennan, Philadelphia, Pa., for third-party defendant.

WELSH, District Judge.

On October 24, 1958, the jury found that the defendant's motorman was not negligent, and on the same day, judgment in favor of the defendant was entered.[1] On October 29, 1958, plaintiffs filed and served motions for a new trial alleging that the verdict was against the evidence, against the weight of the evidence and against the law, and reserving the right to set forth additional reasons as would appear adequate in the future, more especially after transcription of the stenographic notes of testimony. The transcript of the notes of testimony, including the charge of the Court, was completed and furnished to plaintiffs' counsel on November 8, 1958.[2] On November 26, 1958, plaintiffs filed eleven additional reasons for a new trial alleging various errors in the charge, evidentiary rulings and certain remarks of the Court. Thereafter, on December 31, 1958, plaintiffs filed and served another additional reason alleging error in the Court's refusal of one of their points for charge.

On January 5, 1959, defendant filed and served its brief in opposition to plaintiffs' motions for a new trial. This brief called attention to the fact that the Court was without jurisdiction to consider plaintiffs' additional reasons because they had not been filed and served within ten days following the entry of judgment, as required by Rule 59(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. Thereafter, on January 21, 1959, plaintiffs filed motions under Federal Civil Rule 60(b) (1), (5) and (6). Their motions requested the Court inter alia (in the event that plaintiffs' motions for a new trial under Rule 59(b) are denied and in the event that the Court holds plaintiffs' additional reasons for a new trial are untimely under said rule) to consider the additional reasons in support of plaintiffs' motions for a new trial and to grant a new trial by reason thereof.

Rule 59(b) provides that "A motion for a new trial shall be served not later than 10 days after the entry of the judgment." Thus, it is plain, that under this Rule motions or additional reasons for a new trial served later than ten days have no effect and cannot be considered by the Court. In addition, a party filing a motion and reasons for a new trial within the time permitted by this Rule, and therein purporting to reserve the right to file additional reasons at a later time, cannot thereby unilaterally extend the time. In fact, the ten day period cannot even be extended by the Court.[3] Marks v. Philadelphia Wholesale Drug Company, D.C., 125 F.Supp. 369, affirmed

---

1. The Philadelphia Transportation Company had joined as third-party defendant Lemuel B. Gallagher, the operator of the automobile which collided with defendant's trolley car. Consistent with the verdict and judgment in favor of the Philadelphia Transportation Company and against the plaintiffs, judgment in the third-party action was entered in favor of Lemuel B. Gallagher and against Philadelphia Transportation Company.

2. The Court Stenographer was unable to complete the transcript prior to November 8, 1958, because of other Court duties she was compelled to perform subsequent to the jury verdict and because of the lengthy trial.

3. See also, Rule 6(b) which provides in part: "When by these rules * * * an act is required * * * to be done at or within a specified time, the court for cause shown may at any time in its discretion * * * (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of ex-

3 Cir., 222 F.2d 545 and Bell v. Mykytiuk, D.C., 147 F.Supp. 315, affirmed 3 Cir., 246 F.2d 938.

We hold, therefore, that under the provisions of Rule 59(b) the additional reasons served in this case were untimely and the Court is without power to consider them.

In the judgment of the Court, the reasons assigned in support of plaintiffs' motions for a new trial which were timely brought under Rule 59(b) are without merit.

■ However, as has been seen, plaintiffs have moved for the application of Rule 60(b), clauses (1), (5) and (6), to their motions for a new trial. We concede that under appropriate circumstances this Court may entertain under Rule 60(b) a motion for a new trial which is untimely under Rule 59(b), Federal Deposit Insurance Corporation to Use of Secretary of Banking v. Alker, 3 Cir., 234 F.2d 113; it is perfectly plain, however, that it may do so only if a showing is made which complies with the requirements of that Rule,[4] clause (1) of which requires a showing of "mistake, inadvertence, surprise, or excusable neglect," and clause (5) a showing that "it is no longer equitable that the judgment should have prospective application" and clause (6) a showing of "any other reason justifying relief from the operation of the judgment."

■ Here, it would appear that such a showing has been made and, therefore, this Court may entertain plaintiffs' motions for a new trial under Rule 60 (b); for, it is alleged in the motions under Rule 60(b) that the failure to file the additional reasons in support of plaintiffs' motions for a new trial within the time required by Rule 59(b) was due to plaintiffs' counsel's inadvertence and mistaken interpretation of said

Rule; that it is no longer equitable that the judgment have prospective application because:

(a) If allowed to stand, it may deprive the Court of the right to consider reasons for a new trial filed more than ten days after its entry;

(b) If allowed to stand, it may deprive the Court of the right to consider meritorious and fundamental errors;

(c) If allowed to stand, it may deprive the plaintiffs of their right to argue the assigned reasons and thus result in substantial injustice to the plaintiffs;

and that the additional reasons included fundamental errors in the charge of the Court and the refusal to consider them as the bases for a new trial will result in substantial injustice.

■ However, as was pointed out in Federal Deposit Insurance Corporation to Use of Secretary of Banking v. Alker, supra, Rule 60(b) provides for extraordinary relief and may only be granted upon proof of exceptional circumstances. We think that no exceptional circumstances are present insofar as the merits of the additional reasons assigned in support of plaintiffs' motions for a new trial are concerned, for an examination of said reasons, which relate to alleged errors in the charge, evidentiary rulings and remarks of the Court, demonstrates that they are without merit.

In summary, we have considered *all* of plaintiffs' reasons in support of their motions for a new trial and have found them to be without merit. We will accordingly deny the motions.

An appropriate order will be prepared and submitted by counsel for defendant.

cusable neglect; but it may not extend the time for taking any action under Rules * * * 59(b) * * *."

4. John E. Smith's Sons Company v. Lattimer Foundry & Machine Company, 3 Cir., 239 F.2d 815.