Nelson H. TROUT, Appellant,

v.

The PENNSYLVANIA RAILROAD COMPANY.

No. 13729.

United States Court of Appeals Third Circuit.

Argued Jan. 26, 1962.

Decided March 16, 1962.

**828**

Jack E. Feinberg, Philadelphia, Pa. (B. Nathaniel Richter, Kenneth Syken, Richter, Lord & Levy, Philadelphia, Pa., on the brief), for appellant.

F. Hastings Griffin, Jr., Philadelphia, Pa. (Barnes, Dechert, Price, Myers & Rhoads, Philadelphia, Pa., on the brief), for appellee.

Before KALODNER, STALEY and SMITH, Circuit Judges.

STALEY, Circuit Judge.

Nelson H. Trout brought an action under both the Safety Appliance Act, 45 U.S.C.A. § 1 et seq. ("SAA"), and the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. ("FELA"), to recover damages for personal injuries sustained while he was attempting to brake a car in the course of his employment for defendant Pennsylvania Railroad Company. The district court granted defendant's motion for a directed verdict on the SAA claim on the basis that plaintiff failed to establish that the brake proved inefficient while being operated in a normal, natural and usual manner. The jury returned a verdict for defendant on the FELA claim. The plaintiff's basic complaint is that there was enough evidence in the record to require sending the SAA claim to the jury.

■■ In Myers v. Reading Co., 331 U.S. 477, 67 S.Ct. 1334, 91 L.Ed. 1615 (1947), the Supreme Court made it clear that a jury question is presented under the SAA if the evidence is such that it can be reasonably concluded that the brake failed to operate efficiently while being operated in the natural, normal and usual manner, thereby causing injury to plaintiff. There is no need for plaintiff to show anything more, and negligence is an irrelevant consideration. We think that here there was enough evidence in the record to require submission to the jury.

■ The plaintiff testified that while braking the car, as he was required to do, he pumped the brake eight or nine times. The brake was pumping firm and returning hard, as is usual, when he decided to give it one more pump to make certain that the brake held. While doing so, the brake pump handle unexpectedly returned without resistance, thus causing him to be thrown back against the edge of the car. In response to questions by his counsel, plaintiff attempted to explain why he was thrown back against the car when he said: "All of a sudden the chain busted or dirt got in the cogs or something that took place that it just left loose, there wasn't no leverage there." He later gave similar testimony when questioned by the court. Upon cross examination by defendant's counsel, plaintiff again testified that the brake was defective. From this evidence, the jury reasonably could have concluded that the plaintiff was operating the brake in a normal, natural, and usual manner, and that the brake was inefficient. The fact that plaintiff did not expressly testify that he was operating the brake in a normal, natural, and usual manner is unimportant, for as this court said in Draper v. Erie Railroad Co., 285 F.2d 255, 256 (C.A.3, 1960), "The plaintiff's description of what he actually did under the circumstances could not have been helped by a statement from him or anybody else that he was operating in the usual and ordinary manner." It is true that plaintiff testified that the brake operated properly immediately prior to the accident, and it appears that this fact was relied on by the district court. But it has been said many times, and most recently by us in Zimmerman v. Montour Railroad Co., 296 F.2d 97 (C.A.3, 1961),

that the duty imposed by the SAA is an absolute one, requiring performance on the occasion in question.

■ In submitting the FELA claim to the jury, the district court required it to answer certain interrogatories. One of them was as follows:

"Was plaintiff injured on August 20, 1957, because of

"(a) an inefficient brake?

"(b) a defective brake handle?"

The jury answered no to both parts of the question. Defendant argues that in effect the SAA claim was thus submitted to the jury and the grant of a directed verdict, if erroneous, was thereby cured. The plaintiff, however, says that the interrogatory was meaningless, for the district court failed to charge the jury on the SAA claim, limiting the charge solely to the claim of negligence. A careful reading of the charge indicates that this was so. Of course, we agree that under that circumstance the interrogatory was of no avail.

■ The district court was under a duty to separate the two causes of action and to make it clear to the jury that neither evidence of negligence nor due care could be considered in determining defendant's liability under the SAA. O'Donnell v. Elgin, J. & E. Ry. Co., 338 U.S. 384, 70 S.Ct. 200, 94 L.Ed. 187 (1949). Measured by this standard the charge was totally inadequate. In it, the district court never referred to the two different theories of recovery. The jury was not instructed as to the quantum of proof required under the SAA. The court denied every point for charge dealing with the SAA claim. That, of course, was consistent with what the district court said in a colloquy with counsel shortly before the charge. It indicated that the SAA claim was out of the case and the jury would not be charged on it and that the interrogatory, if it had no other purpose, would be useful in resolving the question of negligence. Furthermore, in closing argument, nei-

ther counsel ever referred to the SAA claim and concentrated exclusively on negligence.

■ The plaintiff also calls to our attention several alleged procedural errors that require discussion. In charging the jury, the district court said: " * * * We must all have sympathy for this plaintiff; of course, we have sympathy for him in his tragic circumstance, but remember that if cases were to be decided on the basis of sympathy, what good would a big award that you give be to Mr. Trout, because somebody else in a more sympathetic situation, with perhaps ten children and even worse cancer, could sue him and take it all away from him again?" In addition to being confusing, misleading, and unjustified by any comments made by plaintiff's counsel during the trial, this part of the charge was extremely prejudicial. Although a precautionary charge is within the discretion of the trial judge, it should not be framed and given without regard for what happened during trial. Here the record discloses nothing to warrant such a charge.

The district court admitted into evidence a summary of car inspection reports, prepared and offered by the defendant, on the basis that it was a record made in the ordinary course of business. Plaintiff contends that the summary was inadmissible as the original reports were not made available to him, and further that the business record rule does not apply here because the summary was prepared expressly for litigation. The defendant argues that plaintiff is now precluded from raising the question in this court because he failed to properly object, or to assign its admission as a ground for a new trial.

■ The record, however, discloses that plaintiff properly objected and requested production of one of the original reports. Nor was it necessary for plaintiff to assign as grounds for a new trial the ruling of the district court in order to have us review it, Morgan Electric Co. v. Neill, 198 F.2d 119, 13 Alaska 717

(C.A.9, 1952),[1] for plaintiff was under no obligation to file such a motion. United States v. Mountain State Fabricating Co., 282 F.2d 263 (C.A.4, 1960).

The Supreme Court made it clear in Palmer v. Hoffman, 318 U.S. 109, 63 S.Ct. 477, 87 L.Ed. 645 (1943), that for a document to come within the business record rule, it must be made in the systematic conduct of a business as a business, and as a matter of routine to reflect regular business transactions. The document should not be one calculated for use essentially in litigating a claim. Here, the summary was prepared by an employee of the defendant in response to a request from its claim agent. The purpose was, of course, to use it in disposing of the plaintiff's claim. The fact that the defendant apparently makes similar summaries in other accidents does not make it a business record made in the regular course of business. It is clear, however, that the original inspection records, from which the summary was made, were business records under the rule in Palmer v. Hoffman, supra. That being so, the summary was admissible provided it met the tests which we recently reaffirmed in Pritchard v. Liggett & Myers Tobacco Co., 295 F.2d 292 (C.A.3, 1961). That opinion was handed down after trial in this case. We there held that the admission of a summary rests within the discretion of the trial judge who is to exercise that discretion in accordance with certain standards, some of which were therein discussed in detail. Here the district court did not attempt to determine whether the summary met any of these standards, for, as we have indicated, it ruled that the summary was admissible as a business record.

Lastly, plaintiff contends that the district court erroneously refused to allow him to call an expert medical witness because of a failure to list the witness in a pretrial memorandum. That question is now moot, however, for the district court clearly indicated that in the event of a new trial plaintiff would be permitted to amend his pretrial memorandum to list the expert as a witness.

The judgment of the district court will be reversed and the cause remanded with directions that plaintiff be granted a new trial.

1. Defendant contends that our decisions in Quinones v. Township of Upper Moreland, 293 F.2d 237, 239–240 (C.A.3, 1961); Russell v. Monongahela Ry., 262 F.2d 349 (C.A.3, 1958); Bell v. Mykytiuk, 147 F.Supp. 315 (E.D.Pa.), aff'd, 246 F.2d 938 (C.A.3, 1957); and Marks v. Philadelphia Wholesale Drug Co., 125 F.Supp. 369 (E.D.Pa., 1954), aff'd, 222 F. 2d 545 (C.A.3, 1955), support his position. An examination of the cases discloses no discussion of this question, and we are unable to understand why counsel cited them.